28 F.3d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William D. ZACK, Plaintiff-Appellant,
v.
MORGAN & MCCLARTY, P.C., Homer W. McClarty, Defendant-Appellee.
 No. 93-1681.
 United States Court of Appeals, Sixth Circuit.
 July 7, 1994.
 
 Before: MERRITT, Chief Judge, and KENNEDY and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a civil rights action in which the plaintiff, a debtor in bankruptcy, alleges that he was deprived of property without due process of law when the bankruptcy trustee willfully failed to pursue certain causes of action on behalf of the estate. The district court dismissed the complaint on immunity grounds.
 
 
 2
 We conclude that the district court lacked authority to adjudicate the merits of the case, the plaintiff having failed to seek leave of the bankruptcy court before filing suit against the trustee. See In re DeLorean Motor Co., 991 F.2d 1236 (6th Cir.1993). We shall therefore affirm the dismissal without reaching the immunity question.
 
 
 3
 * The plaintiff, William D. Zack, was convicted of tax evasion and conspiracy to defraud the United States government. See United States v. Zack, No. 91-2150 (6th Cir. Jan. 19, 1993). Shortly before his conviction, Mr. Zack filed a bankruptcy petition in the Eastern District of Michigan. Among the assets listed in the petition were three pending lawsuits in which Mr. Zack sought money judgments totalling $3.7 million. Mr. Zack subsequently asserted that he had a fourth cause of action, on which he had not yet filed suit, for $1 million.
 
 
 4
 On November 20, 1992--approximately 21 months after the appointment of the defendant, Homer W. McClarty, as trustee in bankruptcy--Mr. Zack filed a pro se complaint against Mr. McClarty and McClarty's law firm, Morgan and McClarty, P.C. The complaint alleged, among other things, that the defendants had committed a constitutional tort by failing to pursue Zack's multi-million dollar claims. The defendants were said to have allowed the statute of limitations to run on the claim that was not in litigation and to have done nothing to pursue the claims on which suit had been filed.
 
 
 5
 The district court denied a motion for appointment of counsel and granted a motion to dismiss the complaint. The court concluded that Mr. McClarty, as court-appointed trustee, was entitled to quasi-judicial immunity for conduct related to the management of the estate. The court certified under 28 U.S.C. Sec. 1915(a) that an appeal would not be frivolous, and Zack has taken an appeal in forma pauperis.
 
 II
 
 6
 Mr. Zack commenced his suit in federal district court without first seeking leave of the bankruptcy court that had appointed Mr. McClarty as trustee. "It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir.1993) (citations omitted). Mr. Zack complains of actions that were taken in McClarty's official capacity as trustee, as well as an alleged failure to do things that should have been done as trustee. What McClarty did and what he did not do both came within his authority as officer of the court. Unless an exception to the DeLorean rule applies, therefore, the action is barred.
 
 
 7
 Under 28 U.S.C. Sec. 959(a), a plaintiff is permitted to sue a trustee without leave of the appointing court "with respect to any of [the trustee's] acts or transactions in carrying on business connected with [the estate] property." This exception has no application here, because the matters complained of do not constitute "carrying on business." See DeLorean, 991 F.2d at 1241. ("This exception does not apply to suits against the trustee for actions taken [or, by extension, not taken] while administering the estate.")
 
 
 8
 The dismissal of the complaint is AFFIRMED for the reason stated.