35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. GIBSON, Plaintiff-Appellant,
v.
PUBLIC ADVOCACY DEPARTMENT, Commonwealth of Kentucky;
Timothy Riddell; Margaret Case; Rob Riley,
Defendants-Appellees.
 No. 94-5402.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, injunctive relief, attorney's fees, and a trial by jury, William E. Gibson sued Kentucky's Department of Public Advocacy (DPA) and three DPA attorneys in their individual and official capacities. Gibson claimed that: 1) the defendants violated his Sixth Amendment right to counsel by not appointing counsel to represent him on the collateral attack of his conviction; and 2) the defendants violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment by not appointing counsel to represent him on the collateral attack of his conviction.
 
 
 3
 The matter was referred to a magistrate judge who recommended that Gibson's complaint be dismissed because Gibson did not have a federal constitutional right to have counsel appointed to represent him on the collateral attack of his conviction. Gibson objected to the magistrate judge's report and recommendation, arguing that he was constitutionally entitled to counsel in this instance by operation of Kentucky law and per an order of a state trial court. Gibson also modified his claims slightly and asserted that he was denied effective assistance of counsel. The district court adopted the magistrate judge's report and recommendation over Gibson's objections and dismissed the complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 4
 In his timely appeal, Gibson concedes that he is not constitutionally entitled to counsel on a collateral attack of his state conviction. He reasserts, however, that because Kentucky law provides for the appointment of counsel and because the state trial court had ordered DPA to assign counsel, the defendants' failure to obtain counsel for him violated his right to the appointment of counsel as secured by the Sixth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Gibson has abandoned his assistance of counsel claim, and hence it is not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 5
 Upon review, we conclude that the district court properly dismissed Gibson's complaint pursuant to Fed.R.Civ.P. 12(b)(6) because it appears beyond doubt that Gibson can prove no set of facts showing that he is entitled to the relief he seeks. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). This court reviews a judgment dismissing a suit pursuant to Fed.R.Civ.P. 12(b)(6) de novo. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993). While the decision to dismiss is subject to de novo review, the decision to dismiss with prejudice is subject to an abuse of discretion standard of review. Craighead v. E.F. Hutton & Co., 899 F.2d 485, 495 (6th Cir.1990). A judgment dismissing a complaint pursuant to Fed.R.Civ.P. 12(b)(6) is proper when it is established beyond doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Nishiyama v. Dickson County, Tenn., 814 F.2d 277, 279 (6th Cir.1987) (en banc).
 
 
 6
 The district court properly dismissed Gibson's complaint because Gibson does not have a constitutionally protected right to have a counsel appointed to represent him on a collateral attack of his state conviction. Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). In a post-conviction motion such as Gibson's, his access to a lawyer arises as a result of the state's decision, see Ky.Rev.Stat.Ann. Sec. 31.110(2)(c); Rule 11.42(5), Kentucky Rules of Criminal Procedure, not at the command of the United States Constitution. Finley, 481 U.S. at 556. Similarly, neither the Due Process Clause of the Fourteenth Amendment nor the equal protection guarantee of "meaningful access" to the courts requires the defendants to appoint counsel for Gibson. See Murray v. Giarratano, 492 U.S. 1, 7 (1989). Thus, it is beyond a doubt that Gibson has no federal constitutional right to counsel and he cannot prove any set of facts consistent with his allegations that would entitle him to relief on his claims. We also conclude under the circumstances of this case that the district court did not abuse its discretion in dismissing Gibson's suit with prejudice.
 
 
 7
 Accordingly, we hereby affirm the district court judgment pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.