47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Michael SCHORN, Plaintiff-Appellant,
v.
Paula M. MACK, et al., Defendants-Appellees.
 No. 94-1747.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1995.
 
 Before: JONES, CONTIE and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 James Michael Schorn, pro se, appeals a district court order and judgment granting the defendants' motion to dismiss based on Fed. R. Civ. P. 12(b)(6). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In his complaint, Schorn alleged that the defendants, individually and in conspiracy, denied him his rights under the Fifth and Fourteenth Amendments to the Constitution and denied him his rights under certain Michigan state laws by willfully and maliciously placing him in double jeopardy, reprosecuting him after he had entered a plea agreement surrounding a charge of reckless driving. Schorn requested damages, as well as injunctive and declaratory relief.
 
 
 3
 In an Opinion and Order of Partial Dismissal, the district court first dismissed Judge Oster, a state district court judge named as a defendant in the body of Schorn's complaint, because Schorn had not identified him as a defendant under Fed. R. Civ. P. 10(a). In that order, the district court also dismissed the following parties and claims: 1) the City of St. Clair Shores; 2) a claim made under 42 U.S.C. Sec. 1985; 3) a double jeopardy claim; and 4) a state law claim. Subsequently, the district court issued an order dismissing the remaining parties and claims, pursuant to Fed. R. Civ. P. 12(b). The court determined that defendants Thelen and Watson could not be held liable for any action or inaction that Schorn alleged, because Schorn had not proven that these defendants, acting under color of state law, had deprived him of a federal right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Next, the district court determined that defendants Hanson and Walker were entitled to absolute prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The district court dismissed the suit against defendants Mack, Porchia and Scott because these defendants were not personally involved in any decision to prosecute or reprosecute Schorn for the reckless driving charge.
 
 
 4
 The only issues that Schorn preserves on appeal are as follows: 1) whether the district court erred in failing to allow Schorn to amend his complaint to include Judge Oster as a defendant; 2) whether the district court erred in concluding that Hansen and Walker were entitled to prosecutorial immunity; 3) whether the district court erred in dismissing defendants Mack, Porchia and Scott because these clerks were not "personally involved" in the decision to prosecute Schorn; 4) whether the court erred by dismissing the complaint pursuant to Fed. R. Civ. P. 12(b)(6) after considering matters allegedly "outside of the scope of the pleadings"; 5) whether the court erred in denying Schorn the opportunity for further discovery; and 6) whether the court erred by dismissing the claims against defendants Thelen and Watson because Schorn failed to allege a constitutional right to support a Sec. 1983 suit.
 
 
 5
 Upon review of the district court opinion, we conclude that the district court properly dismissed this matter pursuant to Fed. R. Civ. P. 12(b) for the reasons stated by that court. Whether the district court correctly dismissed this suit pursuant to Fed. R. Civ. P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir. 1993); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir. 1993). The court must construe the complaint in a light most favorable to the plaintiff, accepting all factual allegations as true, and determining whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard, 991 F.2d at 1240. The decision and order reveals that the district court considered only the pleadings to dismiss the complaint for failure to state a claim, and the court's thorough legal analysis of each claim was proper. The judge and the prosecutors are immune from damages, the court clerks were not personally involved in the decision to prosecute, and the employees of the state agency were under no duty to investigate into the facts of this case.
 
 
 6
 Accordingly, the district court's order granting the defendants' motion to dismiss is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.