47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald J. BROWN, Sr., Plaintiff-Appellant,
v.
MAINTENANCE & INDUSTRIAL SERVICES, INC.; Wes Nichols, Human
Resource Manager; Terry Coleman, Supervisor E & I Shop;
Fluor Daniel, Inc.; Michael Wright; Fluor Corporation,
Inc.; V.L. Kontny, President, Fluor Corporation, Inc.,
Defendants-Appellees.
 No. 94-5353.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1995.
 
 Before: MERRITT, Chief Judge; BROWN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Gerald J. Brown, Sr., pro se, appeals a district court order granting the defendants' motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Brown sued his employer, Maintenance & Industrial Services, Inc. (MISI), and several management personnel within that company, alleging that he was a victim of discrimination based on race, age and religion, when he was terminated on November 20, 1992. On that day, Brown's supervisor and the MISI human resources manager observed Brown asleep at his work place and immediately terminated Brown from employment. Brown filed a grievance, and an arbitrator eventually reinstated Brown without back pay. Brown alleged that the defendants violated his rights under the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 143, et seq., and his rights under numerous other federal statutes. Brown also alleged that he is entitled to damages under 42 U.S.C. Sec. 1983, and under Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e, et seq.
 
 
 3
 Upon consideration of the defendants' motion to dismiss, the district court determined that Brown failed to establish a prima facie case of discriminatory termination under Title VII and failed to show causes of action under the Fourth and Fourteenth Amendments; under 42 U.S.C. Secs. 1983 and 1988; under 45 U.S.C. Secs. 36, 43 and 54; or under Tenn.Code Ann. Sec. 50-3-101, et seq. On appeal, Brown raises the following issues: 1) the district court's decision, in effect, held that it is "legally alright for defendants Coleman and Nichols to violate his civil rights of due process"; 2) his rights under the Collective Bargaining Agreement were "ignored"; 3) the arbitrator's decision is evidence that the defendants' act constituted a "wrongful and illegal termination"; 4) the arbitrator made "racist" comments in his decision; 5) the arbitrator erred by denying him back pay; 6) there was insufficient evidence to support the district court's factual findings; 7) Brown exhausted his administrative remedies; 8) Brown was wrongly denied a jury trial; and 9) statistical evidence Brown submitted shows that MISI treats employees in a discriminatory manner with regard to hiring practices and policies.
 
 
 4
 Whether the district court correctly dismissed the suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993).
 
 
 5
 The district court properly held that Brown failed to establish a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Moreover, MISI produced sufficient evidence to show that the company took action against Brown for a legitimate, nondiscriminatory reason, rebutting any presumption of discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). Brown cannot establish a prima facie case by his statistical evidence allegedly showing, without more, racial imbalance in one segment of an employer's work force. Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 653 (1989). Brown's allegations of conspiracy and his general attack on the company's policies in regard to minorities are mere conclusory allegations not sufficient to withstand the defendants' motion to dismiss. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir.1990). The plaintiff's claims must also fail under 42 U.S.C. Sec. 1983, because none of the defendants were acting "under color of state law." Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Simescu v. Emmet County Dep't of Social Servs., 942 F.2d 372, 374 (6th Cir.1991).
 
 
 6
 The district court applied the proper standard to dismiss the claim under Fed.R.Civ.P. 12(b)(6). Further, no jury trial is necessary when the matter may be dismissed on the pleadings. The other claims that Brown initially presented in district court have been abandoned. Thus, this court need not address those issues on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 In their brief, the defendants argue that this appeal is frivolous, and the defendants request attorneys' fees and costs. However, recently amended Fed.R.App.P. 38 requires that a party alleging that an appeal is frivolous must file a separate motion for attorneys' fees and costs. Therefore, the request is denied.
 
 
 8
 Accordingly, the district court's order dismissing this claim is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.