50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfredo BURGOS, Plaintiff-Appellant,
v.
Margarette T. GHEE, Chairwoman, Ohio Parole Authority,
Defendant-Appellee.
 No. 94-3931.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1995.
 
 Before: LIVELY, RYAN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Alfredo Burgos appeals a district court judgment dismissing, pursuant to Fed.R.Civ.P. 12(b)(6), his complaint filed under 42 U.S.C. Sec. 1983 for failure to state a claim upon which relief can be granted. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Burgos filed his complaint in the district court alleging that he was denied parole based upon his refusal to comport with a requirement of a sex offender therapy program that he admit his guilt regarding the sex offense for which he is currently sentenced. Plaintiff named the defendant Chairwoman of the Ohio Adult Parole Authority in her individual and official capacities and sought his release from prison and $80,000,000 in compensatory and punitive damages. Defendant moved to dismiss the complaint, and plaintiff responded in opposition and moved for summary judgment. The district court granted defendant's motion and dismissed the complaint. Thereafter, the district court granted plaintiff leave to proceed on appeal in forma pauperis.
 
 
 3
 On appeal, plaintiff reiterates his claim that the requirement that he admit guilt deprives him of constitutional rights. Also, plaintiff contends that the district court failed to consider his motion for summary judgment and that Judge Smith was biased against him. Defendant has notified the court that she does not intend to file a brief on appeal unless directed to do so.
 
 
 4
 Generally, this court will review de novo the dismissal of an action pursuant to Fed.R.Civ.P. 12(b)(6). Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993). The court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id. at 1240. However, mere conclusions need not be accepted as true under this standard. Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987). Upon consideration, the judgment is affirmed for the reasons stated by the district court in its order filed August 22, 1994.
 
 
 5
 First, the district court properly noted that prisoners do not enjoy a liberty interest in parole consideration under Ohio law. See Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth., 929 F.2d 233, 235 (6th Cir.1991). Moreover, the consideration of whether plaintiff successfully completes a sex offender program which entails his admission of guilt of his offense simply does not equate to a violation of constitutional rights. Plaintiff cited nothing in his complaint or in his motion for summary judgment which can be construed as stating a claim for relief under Sec. 1983.
 
 
 6
 On appeal, plaintiff cites the case of Mace v. Amestoy, 765 F.Supp. 847, 851-52 (D.Vt.1991). Mace can be easily distinguished from the present case because there the probation officer wanted the probationer to admit to a crime other than the crime to which he pleaded guilty. Here the parole authority just wants plaintiff to admit the crime of which he was convicted. Plaintiff does not state a valid Fifth Amendment claim. Accordingly, plaintiff's complaint was properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 7
 Finally, plaintiff's contention on appeal that the district court is biased lacks merit. Plaintiff simply contends that Judge Smith as a former prosecutor "personally knew" the defendant. First, this claim will not be addressed on appeal because it was not asserted in the district court in the first instance. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). Moreover, the claim lacks factual basis.
 
 
 8
 For the foregoing reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.