52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 L.T. TUCKER, Plaintiff-Appellant,
v.
Debra S. HEMBREE, Clock No. 216; Teri L. Hafner,
Defendants-Appellees.
 No. 94-2151.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1995.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 L.T. Tucker, pro se, appeals a district court judgment granting the defendants' motion to dismiss this civil rights case filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Tucker sued Hembree, a registered nurse employed at the Ionia Maximum Facility in Ionia, Michigan, and Hafner, a technician employed with the Michigan State Health Services in the Health Investigation Division of the Department of Commerce. The defendants are sued in their individual and official capacities.
 
 
 4
 Specifically, Tucker alleged that defendant Hembree, from March to May of 1993, sexually harassed him, verbally and physically, during her medical rounds in the prison. His complaint against defendant Hafner is that she refused to investigate or to further process his administrative complaint that he sent to her regarding defendant Hembree's behavior. Tucker claimed that Hembree's actions violated his rights under the Fourth and Eighth Amendments and that defendant Hafner's action violated his First Amendment right to seek redress of his grievances. Tucker also alleged that he has been denied due process and equal protection under the law.
 
 
 5
 The district court considered the allegations and determined that the defendants' motion to dismiss could be granted for failure to state a claim. The district court first found that, even accepting all of the allegations as true, defendant Hembree's alleged conduct did not "shock the conscience" or constitute force that was brutal enough to establish a substantive due process claim. The court also concluded that Tucker failed to show that Hembree's alleged actions rose to the level of an Eighth Amendment violation under the standard set forth by the Supreme Court in Rhodes v. Chapman, 452 U.S. 337, 346 (1981).
 
 
 6
 The district court next concluded that the claims against defendant Hafner could not support a civil rights action because Hafner did not interfere in any way with Tucker's right to speak out or to complain about the alleged incident involving defendant Hembree. Lastly, the court concluded that Tucker failed to state an equal protection violation because no intentional and purposeful discrimination had been shown.
 
 
 7
 On appeal, Tucker complains that the district court failed to consider: 1) his First Amendment claim against Hafner; and 2) his allegation that Hafner had established a "state practice and official policy" which he believes resulted in a "sua sponte" dismissal of his administrative complaint. Tucker also requests the appointment of counsel.
 
 
 8
 Whether the district court correctly dismissed this suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993). The court must construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard, 991 F.2d at 1240. Nevertheless, this standard of review requires more than the bare assertion of legal conclusions. Id.
 
 
 9
 Upon review, this court concludes that there is no merit to Tucker's complaint for the reasons stated by the district court. It is irrelevant that the district court may have incorrectly stated the date of the alleged sexual harassment incident, considering the slight difference in time between March of 1993 and May of 1993, the date that Tucker alleges the incident actually occurred. Lastly, Tucker's reliance on Michigan law does not support his Sec. 1983 suit, because Tucker has not first established a violation of his federal or constitutional rights. Smith v. Dearborn Financial Servs., Inc., 982 F.2d 976, 983 (6th Cir.1993); Bigelow v. Michigan Dep't of Natural Resources, 970 F.2d 154, 160 (6th Cir.1992).
 
 
 10
 Accordingly, Tucker's request for counsel is denied and the district court's order dismissing the complaint for failure to state a claim is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation