52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kristen Clark WHITTINGTON, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY CABINET FOR HUMAN RESOURCES;
Charles Luker; James E. Hibbard; Glenn Toney, Husband of
Linda Toney; Linda Toney, Wife of Glenn Toney; Eldon F.
Keller, Clerk of the Laurel Circuit Court; The Laurel
County Circuit Court, Division Two, Defendants-Appellees.
 No. 94-6149.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: KENNEDY and MILBURN, Circuit Judges; and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Kristen Clark Whittington, a pro se Kentucky plaintiff, appeals a district court judgment dismissing his amended civil rights action filed under 42 U.S.C. Secs. 1983 and 1985(3). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Whittington, the unwed father of a baby girl born in Louisville, Kentucky in August 1982, sued the defendants for terminating his parental rights and facilitating the adoption of his daughter, allegedly in violation of his due process and equal protection rights. Whittington further alleged that the defendants conspired to deny him his parental rights and fraudulently concealed facts and documents material to his discovery of his cause of action. In addition, Whittington invoked the court's supplemental jurisdiction over his claim under Kentucky's tort of outrageous conduct. Finally, he sought certification as a class action challenging Kentucky's practice of allowing the termination of parental rights following constructive rather than actual notice. The defendants (a Kentucky cabinet and circuit court, a state judge and court clerk, an attorney appointed as guardian ad litem in the adoption proceeding, and the adoptive parents) were sued in their individual and official capacities. All filed motions to dismiss, which were opposed by Whittington.
 
 
 4
 The district court granted the various motions to dismiss and awarded attorney fees to several defendants in a memorandum and order filed on March 17, 1994. The district court dismissed the Sec. 1985(3) claim on the ground that Whittington had not alleged any race or class-based discrimination as required to state a conspiracy claim under that section. The claims against the Cabinet for Human Resources were dismissed on Eleventh Amendment grounds; the claims against the adoptive parents were dismissed for lack of state action; the claims against the guardian ad litem were dismissed as untimely; the claims against the court were dismissed because it was not a "person" subject to suit under Sec. 1983; the claims against the judge and court clerk were dismissed for various reasons, including expiration of the statute of limitations; and the class action petition was dismissed as moot once the other claims were dismissed. The district court rejected Whittington's continuing violation and equitable tolling theories. A separate judgment was filed on March 18 and entered on March 21, 1994. Whittington's timely motion under Fed.R.Civ.P. 59(e) was denied in a memorandum and order entered on August 11, 1994.
 
 
 5
 On appeal, Whittington argues that the district court erred by: (1) concluding it had no jurisdiction to consider his constitutional challenge to Kentucky's constructive service statute; (2) declining to conduct a hearing; (3) not accepting Whittington's factual allegations as true; (4) denying Whittington the opportunity to conduct discovery; (5) finding that the adoptive parents were not state actors; and (6) failing to consider his claims of fraudulent concealment, continuing conspiracy, and continuing injury. He requests oral argument in his brief on appeal. Whittington has also filed a motion to hold this case in abeyance, which is opposed by the appellees.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated by the district court. When the complaint is construed in the light most favorable to Whittington and his factual allegations are accepted as true, Whittington undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. See Allard v. Weitzmen (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993).
 
 
 7
 Contrary to Whittington's assertion, the district court did accept all of his well-pleaded factual allegations as true. However, the court need not accept as true legal conclusions or unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). See also Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). Moreover, because the pleadings clearly establish that Whittington is not entitled to relief, the district court did not err in not holding an evidentiary hearing or permitting Whittington to conduct discovery.
 
 
 8
 Accordingly, the request for oral argument is denied. The motion to hold this case in abeyance is denied because any action by the Kentucky Supreme Court would have no effect on the grounds for our decision. The district court's judgment, entered on March 21, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, United States District Judge for the Middle District of Tennessee, sitting by designation