52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Janice HERT, et al., Plaintiffs-Appellants,
v.
Jack LEWIS, Commissioner; Betty Kassulke, Warden; Carol T.
Shirley, Assistant Deputy Warden, Defendants-Appellees.
 No. 94-6097.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1995.
 
 Before: MERRITT, Chief Judge; GUY and SILER, Circuit Judges.
 
 ORDER
 
 1
 This appeal is by four Kentucky female prisoners, acting pro se, who allege that the district court erred by granting the defendants' motion to dismiss for failure to state a claim in this civil rights case filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The complaint was originally filed by twelve female prisoners housed at the Kentucky Correctional Institution for Women in Peewee Valley, Kentucky, on the basis that the defendants denied them their right to due process under the law. The prisoners alleged that, in December of 1993, Kentucky legislators signed an emergency order which resulted in the plaintiffs losing their minimum security classifications or their work release jobs and that this action was initiated after a male prisoner attempted an escape from a work detail at the Lee Adjustment Center near Beattyville, Kentucky.
 
 
 3
 The matter was referred to a magistrate judge, who determined that the plaintiffs had no constitutional right to a particular classification or custody rating, pursuant to Meachum v. Fano, 427 U.S. 215 (1976). Moreover, the district court judge concluded that Kentucky had not created a liberty interest in such classification through its laws or policies. See Canterino v. Wilson, 869 F.2d 948, 953-54 (6th Cir.1989). Thus, the magistrate judge recommended that the defendants' motion to dismiss for failure to state a claim should be granted.
 
 
 4
 Upon de novo review of the Report and Recommendation and of the objections filed by the plaintiffs, the district court adopted the Report, dismissing the complaint by order dated August 4, 1994. Although the court voiced its displeasure with the ultimate result, the district court recognized that it was, nevertheless, bound by the law of this circuit, which declares that Kentucky law does not create a liberty interest in prisoner classifications or in placement within work release programs. See Canterino, 869 F.2d at 953-54; Ky.Rev.Stat.Ann. Sec. 197.065 (Baldwin 1982); Ky.Rev.Stat.Ann. Sec. 197.140 (Baldwin 1990). On appeal, the plaintiffs raise the issues that they presented to the district court. Four of the original twelve prisoners have appealed the matter to this court.
 
 
 5
 Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993). The court must construe the complaint in a light most favorable to the plaintiffs, accept all the factual allegations as true, and determine whether the plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. Allard, 991 F.2d at 1240.
 
 
 6
 Although there may be merit to the district court's opinion that Kentucky legislators performed an injustice by enacting a law adversely affecting opportunities for these women in the areas of rehabilitation and work placement within the community, the district court properly found that this problem may not be cured through a Sec. 1983 civil rights suit. The federal courts have consistently held that there is no inherent constitutional right to placement in any particular section within a prison or to a particular security classification. Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum, 427 U.S. at 225. Similarly, this court has consistently held that prisoners have no constitutionally protected property interest or liberty interest in prison employment. Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989). Likewise, the Kentucky statutes which apply to the plaintiffs' situation do not establish a liberty interest regarding classification of prisoners within the Kentucky Department of Corrections system. Canterino, 869 F.2d at 953-54. Kentucky law places no substantive limitations on official discretion with particularized standards that mandate a particular result if those substantive predicates are met. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989).
 
 
 7
 Accordingly, the district court's order granting the defendants' motion to dismiss is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.