53 F.3d 331
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Della BROWN; Alice G. Harris, Plaintiffs-Appellants,
v.
Chester D. HARRIS; Rosemary Hunt; Denise Deberry; Wayne
Cook; Dennis Bradley; Lexington Fayette Urban
County Government, Defendants-Appellees.
 No. 94-5942.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1995.
 
 Before: WELLFORD, BOGGS and SILER, Circuit Judges.
 
 ORDER
 
 1
 Della Brown and Alice G. Harris, pro se, appeal a district court order dismissing their civil rights action for failure to state a claim and denying their motion for a preliminary injunction and temporary restraining order. The plaintiffs have filed a motion to add a party and a motion for summary judgment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 The plaintiffs sued two relatives, the attorneys representing those relatives and the Lexington Fayette Urban County Government (LFUCG), alleging that these defendants denied them due process after a will, by which they inherited property, was wrongly probated in Kentucky state court. Specifically, the plaintiffs alleged that, in 1967, LFUCG probated the will of a non-resident, which act was barred by Kentucky's ten-year statute of limitations for admitting a will into probate. The plaintiffs further averred that this wrongly probated will allowed LFUCG to later initiate an eminent domain proceeding, in 1979, to condemn a portion of the property for the benefit of the community.
 
 
 3
 The matter was referred to a magistrate judge, who recommended that Della Brown's claims against defendants Cook, Bradley and LFUCG could be dismissed under the doctrine of res judicata. The magistrate judge concluded that the claim against LFUCG was barred by Kentucky's one-year statute of limitations applicable to Sec. 1983 actions. Next, the magistrate judge concluded that the individual defendants could not be sued under 42 U.S.C. Sec. 1983, because they were not acting under color of state law in order for a federal civil rights action to survive. Last, the magistrate judge recommended denying the motion for a temporary restraining order and preliminary injunction, pursuant to Mason County Medical Ass'n v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977).
 
 
 4
 The district court adopted this recommendation and dismissed the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). On appeal, the plaintiffs present three arguments: 1) the district court erred in finding that defendant Cook was acting in his "private capacity" in litigating the case and was not acting "under color of state law"; 2) the district court "ignored acts" by defendants Harris and LFUCG, specifically, that Harris and his attorneys "fraudulently filed and probated a will from another jurisdiction five years past the ten-year statute" found in Kentucky law; and 3) the plaintiffs have an inadequate remedy in state law.
 
 
 5
 Whether the district court properly dismissed the suit pursuant to Fed. R. Civ. P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir. 1993). The court must construe the complaint in a light most favorable to the plaintiff, accepting all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle the plaintiff to relief. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir. 1993). However, this court has specifically held that, out of a sense of fairness for other parties who choose counsel and must bear the risk of their attorney's mistakes, the court will afford no special treatment to ordinary civil litigants who proceed pro se. Brock v. Hendershott, 840 F.2d 339, 342-43 (6th Cir. 1988).
 
 
 6
 This court concludes that the complaint was properly dismissed for the reasons stated by the magistrate judge, as adopted by the district court. Brown's claims are barred under the res judicata doctrine, White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir. 1986), Harris's claim against LFUCG is time-barred, Ky. Rev. Stat. Ann. Sec. 413.140(a)(8); Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir. 1990), and the remaining defendants were not acting under color of state law. Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982); Simescu v. Emmett County Dep't of Social Servs., 942 F.2d 372, 374 (6th Cir. 1991). Furthermore, the motion for injunctive relief was properly denied.
 
 
 7
 Accordingly, the pending motions are denied and the district court's order denying this complaint for failure to state a claim is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.