59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mark Eugene HORSFALL, Plaintiff-Appellant,
v.
POLYFLEX FLEX TECHNOLOGIES, INC.; Angele Ladrach,
Defendants-Appellees.
 No. 95-3172.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1995.
 
 Before: LIVELY, NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Mark Eugene Horsfall appeals pro se a district court order dismissing his civil rights complaint filed under the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2. Additionally, he has filed a motion for injunctive relief. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In May 1989, Horsfall was hired by the defendant, Flex Technologies, Inc., d/b/a Polyflex (Flex), as a plastic mixer of raw materials. During the time Horsfall worked for Flex, he became attracted to a co-worker, Angele Ladrach. Ms. Ladrach was originally named as a defendant in this action, but was subsequently dismissed when the district court granted her motion to dismiss in a marginal entry on August 4, 1994. In pursuit of Ladrach's affections, Horsfall sent a Valentine's card to Ladrach on February 14, 1991. In October 1991, Horsfall stated that he found a T-shirt and ashtray he had purchased for Ladrach on the hood of his truck, presumably returned by Ladrach personally. Horsfall continued to pursue Ladrach's affections until November 8, 1991, when he was summoned to the plant manager's office to sign a warning slip for the harassment of Ladrach.
 
 
 3
 Sometime shortly after meeting with the plant manager, Horsfall underwent drug testing. In December 1991, Horsfall's test results were returned and he tested positive for marijuana. Horsfall admits to going through Flex's drug testing program.
 
 
 4
 In March 1992, Horsfall claims that he was tested for lead at the Baltic Medical Clinic and that his reading was 52 at the time. Horsfall claims that "Flex never did anything to the employees that tested in the drug testing, plus they kept me working on my job even though my lead was high." He further claimed that the reading of 52 is in excess of the Occupational Safety Health Act standards. Also included in his complaint is a claim of intentional infliction of emotional distress. Horsfall sought monetary relief.
 
 
 5
 The defendant moved to dismiss the complaint for failure to state a claim and lack of subject matter jurisdiction. The district court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6), in a memorandum and order filed November 29, 1994. This appeal followed.
 
 
 6
 Whether the district court correctly dismissed a suit pursuant to Fed. R. Civ. P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir. 1993); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir. 1993). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard, 991 F.2d at 1240; Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).
 
 
 7
 The complaint was properly dismissed against defendant Ladrach. The claim of "Malice Intent Thu [sic] Advertisement" is the only claim in Horsfall's complaint which relates to defendant Ladrach. There is no recognized federal cause of action for malice with intent through advertisement. Additionally, both Horsfall and Ladrach are residents of Tuscarawas County, Ohio; therefore, there is no diversity of citizenship under 28 U.S.C. Sec. 1332, and the district court lacked subject matter jurisdiction over Horsfall's claims relative to defendant Ladrach.
 
 
 8
 The district court properly dismissed the complaint against defendant Flex. Horsfall's complaint is deficient in that it alleges no facts which would provide a basis for relief under Title VII. See 42 U.S.C. Sec. 2000e-2(a) (1994). As the district court noted, nowhere in his complaint does Horsfall suggest or allude to any facts that he was treated unfairly by his employer because of his race, color, religion, sex or national origin. Without these operative facts, Horsfall has failed to state a claim upon which relief can be granted.
 
 
 9
 Finally, because Horsfall's complaint failed to state a claim under Title VII, his supplemental state law claim was properly dismissed. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 10
 Accordingly, the motion for injunctive relief is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.