67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert W.G. CLANTON, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF EDUCATION, Defendant-Appellee.
 No. 95-1075.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1995.
 
 Before: KRUPANSKY, MILBURN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Herbert W.G. Clanton appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Clanton filed his complaint in the district court alleging that defendant unjustly deprived him of money in collecting an allegedly defaulted student loan. Plaintiff sought return of the money taken with interest and an additional $111,000,000 in money damages. Defendant moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The district court granted defendant's motion and dismissed the complaint for failure to state a claim upon which relief can be granted. Plaintiff has paid the filing fee on appeal.
 
 
 3
 On appeal, plaintiff: (1) contends that he was entitled to a default judgment; (2) argues that defendant is not entitled to immunity; and (3) reiterates the allegations of his complaint. Defendant responds that plaintiff's complaint was properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Upon consideration, the judgment is affirmed for the reasons stated by the district court in its memorandum opinion filed January 10, 1995.
 
 
 4
 Generally, this court will review de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993). Here, the district court properly concluded that plaintiff alleged nothing that can be construed as a deprivation of his civil rights. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). Moreover, defendant is entitled to immunity under the Eleventh Amendment from suit for money damages. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 62-71 (1989); Welch v. Texas Dep't of Highways & Public Transp., 483 U.S. 468, 472-73 (1987). Finally, plaintiff's claim on appeal that he was entitled to a default judgment against defendant is without merit.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.