KENNEDY, Circuit Judge.
Plaintiff appeals the District Court’s order affirming the Bankruptcy Court’s dismissal of plaintiff’s complaint for failure to state a claim. Plaintiff David W. Allard, Jr., Trustee of the DeLorean Motor Company, filed a complaint seeking declaratory and monetary relief for the failure of defendant Howard L. Weitzman to seek leave of the Bankruptcy Court before instituting an action against the Trustee and the Trustee’s representatives. The complaint also sought injunctive relief under 11 U.S.C. § 105(a) because the action allegedly interfered with the administration of the estate. Because we find that plaintiff’s complaint stated claims for declaratory, monetary and injunctive relief, we reverse the order of the District Court upholding the Bankruptcy Court’s dismissal of the Trustee’s complaint.
I. Background
DeLorean Motor Company (“DMC”) filed for bankruptcy in the Bankruptcy Court for the Eastern District of Michigan under Chapter 11 of the Bankruptcy Code on October 25, 1982. Late in 1983, the Chapter 11 proceedings were converted to Chapter 7 proceedings and plaintiff Allard was appointed trustee of DMC (the “Trustee”). On April 13, 1984, the Trustee instituted a fraudulent conveyance action against John Z. DeLorean, Christina F. DeLorean and defendant Weitzman, alleging that DeLore-an owed the DMC estate at least nineteen million dollars ($19,000,000), was insolvent and had fraudulently transferred to Weitzman, his attorney, a 50-acre ranch located in Pauma Valley, California. Allard v. DeLorean, et al., No. 84-1038 JLI (CM) (S.D.Cal.1984) (the “Pauma Valley Case”). The Trustee alleged that the ranch had a fair market value of $2,500,000. The De-Loreans and Weitzman denied any wrongdoing. The Trustee and the Pauma Valley defendants entered into a proposed settlement agreement, which provided, inter alia, that Weitzman would pay the Trustee $325,000. The Unsecured Creditors’ Committee objected to the proposal. The Bankruptcy Court denied the Trustee’s motion for Authority to Enter into the Proposed Settlement. The fraudulent conveyance action proceeded to trial at which the DeLore-ans and Weitzman prevailed. The Trustee appealed. However, before judgment was entered, the Trustee and DeLorean settled their dispute when DeLorean agreed to pay the Trustee approximately nine million dollars ($9,000,000). This settlement was approved by the Bankruptcy Court. Thereafter, the Trustee’s fraudulent conveyance action against DeLorean was dismissed with prejudice and the judgment vacated. The Trustee’s appeal of the judgment entered in Weitzman’s favor was dismissed as moot in light of the settlement between the Trustee and DeLorean. Allard v. DeLorean, 884 F.2d 464 (9th Cir.1989). On January 9, 1991, Weitzman filed an action in the Superior Court of California for the County of Los Angeles against the Trustee and several of the Trustee’s representatives[1] *1239 (the “Weitzman Defendants”) alleging abuse of process and malicious prosecution in relation to the prosecution of the Pauma Valley Case. Weitzman v. Allard, et al., No. SC 005802 (the “Weitzman Action”). Weitzman filed this action without seeking leave from the Bankruptcy Court. Weitz-man is seeking at least $2,550,000 in compensatory damages and additional punitive damages. On September 26, 1991, the Weitzman Defendants removed the action to United States District Court, which then referred it to the United States Bankruptcy Court for the Central District of California.
After receiving the Weitzman complaint, the Trustee commenced an adversary proceeding in the Bankruptcy Court for the Eastern District of Michigan on September 24, 1991. In the complaint, the Trustee seeks to enjoin further prosecution of the Weitzman Action and recover damages, including costs and attorneys’ fees, incurred as a result of having to defend against the action. Count I of the complaint alleges that because the Weitzman Action was filed without obtaining leave of the Bankruptcy Court it violates 28 U.S.C. § 959(a). The Trustee seeks declaratory relief as well as actual damages incurred in defending against the action. Count II seeks alternative injunctive relief under 11 U.S.C. § 105(a) on the grounds that the Weitzman Action affects or threatens the integrity of the DMC estate.
On October 7, 1991, the Trustee filed a motion for a preliminary injunction. On October 15,1991, Weitzman voluntarily dismissed the action against David W. Allard, Jr., as trustee, individually, and his professional corporation. The Trustee’s former law firm, Spector, McCarron & Allard, was not dismissed. On November 4, 1991, attorneys for the Trustee filed a Certification of No Timely Response to Motion for Preliminary Injunction. On November 6, 1991, the Bankruptcy Court granted the Trustee’s motion for a preliminary injunction.
On November 12, 1991, Weitzman filed a Motion to Reconsider and to Vacate Order Granting Preliminary Injunction. The Trustee filed objections to the motion. At a status conference held on November 26, 1991, the Bankruptcy Court dissolved and vacated the preliminary injunction because the Trustee had been dismissed from the Weitzman Action. On December 11, 1991, the Trustee refiled his Motion for Preliminary Injunction. On December 26, 1991, Weitzman filed a Motion to Dismiss for Failure to State a Claim.
On January 16, 1992, the Bankruptcy Court held a hearing on Weitzman’s Motion to Dismiss and on the Trustee’s Motion for a Preliminary Injunction. However, no testimony on the latter motion was taken because the court granted the Motion to Dismiss. In reaching its decision, the court reasoned that the Weitzman Action was not against the Trustee, that the protections of section 959 do not extend to fiduciaries of the estate other than trustees, receivers or managers, and that the action did not affect the assets of the estate or the administration of the estate.
On January 22, 1992, the Bankruptcy Court entered an order vacating the preliminary injunction and- dismissing the Trustee’s complaint. The United States District Court for the Eastern District of Michigan affirmed. It held that it was not error for the Bankruptcy Court to have concluded that section 959 protection did not extend to the remaining Weitzman defendants and that, therefore, leave of the Bankruptcy Court was not required before filing the Weitzman Action. The District Court also held that Count II of the Trustee’s complaint, seeking injunctive relief under 11 U.S.C. § 105(a), failed to state a claim and that the Bankruptcy Court properly vacated the injunction. It found that the assets of the estate and the administration of the estate were not threatened by the Weitz-man Action. The Trustee then filed a timely notice of appeal to this Court.
II. Motion to Dismiss
A. Standard of Review
We review the dismissal of a complaint pursuant to Federal Rule of Civil *1240 Procedure 12(b)(6) on a de novo basis. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir.1991). This Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990). A complaint need only give “fair notice of what the plaintiffs claim is and the grounds upon, which it rests.” Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir.1990) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). A judge may not grant a Fed. R.Civ.P. 12(b)(6) motion to dismiss based on a disbelief of a complaint’s factual allegations. Id. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). “In practice, ‘a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.’ ” Id. (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984), cert. denied, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985) (quoting In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir.1981)). Applying these standards, we hold that the complaint withstands the motion to dismiss on both counts.
B. The Leave Requirement (Count I)
The Trustee alleges in Count I of his complaint that Weitzman violated 28 U.S.C. § 959(a) by failing to obtain leave of the Bankruptcy Court before filing his malicious prosecution and abuse of process action against the Trustee and the Trustee’s representatives. Section 959(a) provides:
Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.
28 U.S.C. § 959(a) (1978).
It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee’s official capacity and within the trustee’s authority as an officer of the court. In re Baptist Medical Center, 80 B.R. 637, 643 (Bankr.E.D.N.Y.1987) (citing Barton v. Barbour, 104 U.S. 126, 26 L.Ed. 672 (1881); Leonard v. Vrooman, 383 F.2d 556, 560 (9th Cir.1967), cert. denied, 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed.2d 985 (1968); Vass v. Conron Bros. Co., 59 F.2d 969 (2d Cir.1932); In re Campbell, 13 B.R. 974 (Bankr.D.Idaho 1981)).
A suit therefore, brought without leave to recover judgment against a receiver for a money demand, is virtually a suit the purpose of which is, and effect of which may be, to take the property of the trust from his hands and apply it to the payment of the plaintiff’s claim, without regard to the rights of other creditors or the orders of the court which is administering the trust property. We think, therefore, that it is immaterial whether the suit is brought against him to recover specific property or to obtain judgment for a money demand. In either case leave should be first obtained.
Barton, 104 U.S. at 129. This requirement enables the Bankruptcy Court to maintain better control over the administration of the estate. Contrary to statements in the Bankruptcy Court’s opinion, this requirement arises not from section 959, but from the common law.[2] Section 959 serves as a *1241 limited exception to the above described rule (the “Barton Doctrine”), allowing suits against the trustee for actions taken while “carrying on business.”
This exception does not apply to suits against the trustee for actions taken while administering the estate. In re Campbell, 13 B.R. at 976. “Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute ‘carrying on business’ as that term has been judicially interpreted.” Id. (citations omitted). The Trustee in the instant case was never an operating trustee. Further, the Trustee’s fraudulent conveyance suit against DeLorean and Weitz-man was in no way related to carrying on DMC’s business.
We find that Weitzman’s action against the Trustee and his representatives was a suit for actions of the Trustee wholly unrelated to carrying on DMC’s business, and therefore, the Weitzman Action does not fit within the statutory exception. Without the benefit of the exception, Weitzman is required to seek leave of the Bankruptcy Court for the Eastern District of Michigan. Because Weitzman commenced the action against the Trustee without seeking leave of the appointing court, the general rule regarding stays governs, and Weitzman may be held in contempt of the stay. In re Baptist, 80 B.R. at 643 (citing In re Kish, 41 B.R. 620 (Bankr.E.D.Mich.1984)). Weitzman is not absolutely barred from adjudicating this action in state court, he must, however, first obtain leave from the Bankruptcy Court.
The fact that the trustee was voluntarily dismissed from the suit does not change our conclusion.[3] Weitzman argues that the Barton Doctrine should not be extended to the Weitzman defendants because of their status as nontrustees. We hold, as a matter of law, counsel for trustee, court appointed officers who represent the estate, are the functional equivalent of a trustee, where as here, they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets. See In re Balboa Improvements, Ltd., 99 B.R. 966, 970 (Bankr. 9th Cir.1989) (“It is well settled that [a debtor’s attorney] cannot be sued in state court without leave of the bankruptcy court for acts done in his official capacity and within his authority as an officer of the court.”) (citing In re Campbell, 13 B.R. at 976). In authorizing the Trustee to bring the suit against DeLorean and Weitzman, the court authorized the Trustee’s attorneys to aid the Trustee in bringing the suit. The protection that the leave requirement affords the Trustee and the estate would be meaningless if it could be avoided by simply suing the Trustee’s attorneys. Therefore, leave of the Bankruptcy Court must be granted before a suit may be brought against counsel for trustee, in their capacity as counsel for trustee, since such suit is essentially a suit against the trustee.
C. Damages
The District Court erred in affirming the Bankruptcy Court’s dismissal of the Trustee’s claims for costs and damages incurred by the Trustee as a result of having to defend against the Weitzman Action. The District Court found that “[tjhere is no specific allegation that the Trustee was entitled to recover his actual costs of defense; therefore the Bankruptcy Court did not dismiss the claim or even rule on it.” This finding overlooks the language found in Count I of the Trustee’s complaint specifically requesting such damages:
41. The Trustee is entitled to recover actual damages, including costs and attorneys’ fees and administrative expenses, if any, by way of indemnification, incurred as a result of the filing of the Weitzman Action.
[[Image here]]
WHEREFORE, the Trustee prays that this Court enter judgment against Weitzman:
[[Image here]]
*1242 (b) Awarding the Trustee damages for Weitzman’s violation of 28 U.S.C. § 959(a);
[[Image here]]
(d) Granting the Trustee his costs and all other appropriate relief.
The District Court’s alternative holding that the Bankruptcy Court had discretion under 11 U.S.C. § 330(a)(2) to deny the award of damages to the Trustee is also in error. Section 330(a)(2) has no application in this case. The Trustee is entitled to the damages that he requested in Count I of his complaint. Furthermore, the Trustee must be given the opportunity to prove the amount of the damages incurred as a result of having to defend against the Weitzman Action including the necessity of the filing of the Trustee’s complaint with the Bankruptcy Court in Detroit.
D. Request for Injunction (Count II)
The Trustee also requested that the Bankruptcy Court use its powers under 11 U.S.C. § 105(a)[4] to enjoin Weitzman from prosecuting the action. “The basic purpose of [section 105] is to enable the court to do whatever is necessary to aid its jurisdiction, i.e., anything arising in or relating to a bankruptcy case.” 2 Collier on BANKRUPTCY If 105.02 at 105-03 (15th ed. 1987). “Section 105(a) contemplates injunc-tive relief in precisely those instances where parties are ‘pursuing actions pending in other courts that threaten the integrity of a bankrupt’s estate.’ ” In re Baptist, 80 B.R. at 641 (quoting Manville Corporation v. Equity Security Holders Committee (In re Johns-Manville Corp.), 801 F.2d 60, 63 (2d Cir.1986)).
In his complaint, the Trustee alleges that the Weitzman Action “attempts to interfere in the administration of the estate.” He further alleges that “the DMC bankruptcy estate would be irreparably harmed in that, among other things, it would complicate and burden the administration of the estate, threaten to drain the estate of its resources, and risk the possibility of inconsistent judgments.” Given that a section 105(a) injunction may issue against an action, in a non-appointing forum, that threatens the integrity of the estate, the Trustee has clearly stated a claim upon which relief may be granted. The Trustee is entitled to offer his proof supporting these allegations that the Weitzman Action would unduly hinder the administration of the estate. The District Court erred in dismissing this claim for failure to state a claim.
III. Preliminary Injunction
“The ... dissolution of a preliminary injunction is within the sound discretion of the trial court and can be set aside only if it is based on an error of law or constitutes an abuse of discretion.” Tri-State Generation v. Shoshone River Power, Inc., 805 F.2d 351, 354 (10th Cir.1986). When the Bankruptcy Court issued the preliminary injunction on November 11, 1991, it found that:
1. Weitzman instituted a lawsuit against the Trustee commenced in the Superior Court for the State of California for the County of Los An-geles ... without leave of this Court as required by 28 U.S.C. § 959(a).
2. The Weitzman Action interferes with the administration of the estate of DMC by asserting an administrative claim in a forum other than this Court.
3. The Trustee would be irreparably harmed if the Weitzman Action were not enjoined.
4. Weitzman would not be harmed if the Weitzman Action were enjoined.
5. Enjoining the Weitzman Action is in the public interest.
When the Bankruptcy Court vacated the preliminary injunction, it based the dissolution on the fact that the Trustee had been dismissed from the action. The following *1243 colloquy between the court and counsel for Weitzman transpired at the November 26, 1991 hearing:
MR. FEENEY [Weitzman’s attorney]: Your Honor, the Trustee was originally named as a defendant in California. The Trustee is no longer a party to the California action. That happened on October 15th. The Trustee was voluntarily dismissed by Weitzman at that time. The only defendants that remain in the State — in California are the so-called Honigman defendants.
[[Image here]]
MR. FEENEY: [TJhere is absolutely no authority for the proposition that these lawyers have some sort of absolute immunity from State law violation in a State Court action in California. There isn’t any authority for that.
THE COURT: I think you’re right. The Preliminary Injunction is vacated and dissolved.
As discussed above, as a matter of law, counsel for the trustee stands in the shoes of the trustee. Given the fact that when the Trustee was a defendant in the Weitz-man Action, the Bankruptcy Court issued the preliminary injunction because Weitz-man failed to obtain leave of the court and because the action interfered with the administration of the DMC estate, it was error to vacate the injunction merely because of the dismissal of the Trustee.
IV.
Accordingly, the District Court’s order affirming the Bankruptcy Court’s order vacating the preliminary injunction and dismissing the Trustee’s complaint for failure to state a claim is REVERSED. The case is REMANDED to the District Court with instructions to remand the case to the Bankruptcy Court for further proceedings consistent with this opinion.

. Among the defendants named in the Weitz-man complaint are:
1) David W. Allard, Jr., Trustee of the DMC estate, David W. Allard, Jr., an individual, and David W. Allard, Jr., a professional corporation; 2) Spector, McCarron and Allard, the law firm of which the trustee is a former general partner; 3) Allard & Fish, the law firm of which the Trustee is a partner; 4) Honigman Miller Schwartz and Cohn (the "Honigman Firm”), the law firm that has served as general counsel to the Trustee since 1984; 5) Sheldon S. Toll and Robert B. Weiss, partners at the Honigman Firm responsible for the representation of the Trustee; 6) Lorenz, Alhadeff, Lundin & Oggel, a law firm that served as special counsel to the Trustee for legal matters in San Diego, California; 7) Keith E. McWilliams, an attorney who *1239 was a member of various law firms, including Lorenz, Alhadeff, Lundin & Oggel; 8) Malcolm R. Schade, Chairman of the Chapter 7 Unsecured Creditors' Committee of DMC.

. Under the liberal standard under which we read pleadings, we construe Count I of the Trustee’s complaint to request the relief intended, i.e., a declaration that the Weitzman Action does not fit within the statutory exception to the common law requirement that leave be obtained before suing a trustee, and damages *1241 stemming from the failure to abide by such requirement.

. Indeed, our conclusion would be the same if the Trustee had not been included in the suit.

. Section 105(a) provides:
The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.
11 U.S.C. § 105(a).