30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Catherine K. BLALOCK, Plaintiff-Appellant,
v.
Vicki SHOOPMAN; Tennessee Department of Human Services,
Defendants-Appellees.
 No. 94-5059.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1994.
 
 Before: KEITH, BOGGS and BATCHELDER, Circuit Judges.
 
 
 1
 This pro se Tennessee plaintiff appeals a district court order dismissing her civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking compensatory and punitive damages and injunctive relief, Catherine Blalock claimed that defendant Vicki Shoopman, a social worker employed by defendant Tennessee Department of Human Services, intentionally violated her constitutional rights. Blalock alleged that Shoopman trespassed at Blalock's home after receiving specific notice that she was not welcome and that she should stay away. Blalock further alleged that Shoopman was rude and uncooperative.
 
 
 3
 Defendants filed a motion to dismiss the complaint. Blalock filed a response which the district court construed as an amended complaint. The district court determined that the complaint was not filed within the applicable limitations period. Defendants' motion to dismiss was granted.
 
 
 4
 Upon de novo review, we conclude that the complaint was properly dismissed. Upon review of a complaint dismissed under Fed.R.Civ.P. 12(b)(6), we construe the complaint in a light favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. See In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir.1993). Blalock can prove no set of facts which would entitle her to relief because her complaint was not filed within the applicable limitations period.
 
 
 5
 The limitations period for filing a civil rights complaint under 42 U.S.C. Sec. 1983 is determined by looking at the most analogous personal injury statute of limitations of the state in which the complaint was filed. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). The most analogous Tennessee statute is that found at Tenn.Code Ann. Sec. 28-3-104(a), which provides a one-year limitations period. See Jackson v. Richards Medical Co., 961 F.2d 575, 578 (6th Cir.1992).
 
 
 6
 Blalock alleged that defendants violated her constitutional rights during a course of events occurring in August 1991. Blalock did not assert grounds for tolling the statute of limitations, nor are any such grounds apparent. The complaint, filed July 20, 1993, was untimely.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.