51 F.3d 274
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin D. YODER, Plaintiff-Appellant,
v.
Jack FOX, Defendant-Appellee.
 No. 93-4126.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1995.
 
 1
 Before: JONES, SILER, and GODBOLD,* Circuit Judges.
 
 
 2
 Plaintiff Martin D. Yoder appeals the district court's dismissal of the complaint under Fed.R.Civ.P. 12(b)(6). We affirm the decision of the district court based on the following analysis.
 
 I.
 
 3
 Plaintiff and defendant are both licensed dealers in livestock under the Packers and Stockyards Act. Yoder claimed that during 1991, Fox purchased livestock on plaintiff's account without paying the purchase price to Yoder, in violation of 7 U.S.C. Sec. 228b. Fox moved for dismissal of the action for failure to state a claim under Fed.R.Civ.P. 12(b)(6), and for summary judgment on res judicata grounds. The district court granted the defendant's motion to dismiss, holding that Section 228b provides only protection to sellers of livestock, and that Yoder was not a seller of livestock.[1]
 
 II.
 
 4
 Whether a district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. In re DeLorean Motor Co., 991 F.2d 1236, 1239-40 (6th Cir.1993).
 
 
 5
 Section 209(a) of the Packers and Stockyards Act provides a private remedy for individuals harmed by conduct which violates the Act committed by those who are subject to the Act. Gerace v. Utica Veal Co., 580 F.Supp. 1465 (N.D.N.Y.1984). Moreover, dealers may be subject to the Act. See, e.g., 7 U.S.C. Sec. 213 (prohibiting dealers from committing unfair trade practices). Thus, the relevant inquiry is: Did the plaintiff allege a violation of the Act?
 
 
 6
 The plaintiff argues that Fox's failure to pay him for livestock in a timely manner violated 7 U.S.C. Sec. 228b(a). The plain language of this provision, however, does not support such an argument where the plaintiff is not a "seller" of livestock in the relevant transactions.
 
 
 7
 Each packer, market agency, or dealer purchasing livestock shall, before the close of the next business day following the purchase of livestock and transfer of possession thereof, deliver to the seller or his duly authorized representative the full amount of the purchase price....
 
 
 8
 7 U.S.C. Sec. 228b(a) (emphasis added). The statute on its face does not cover debts between dealers where neither party is a seller. As the district court concluded, "the statute makes no mention of private transactions between market dealers." The court further noted that its interpretation was supported by the purpose of the act which "is to assure fair trade practices in the livestock marketing ... industry in order to safeguard farmers and ranchers against receiving less than the true market value of their livestock." Bruhn's Freezer Meats, Inc. v. United States Dep't of Agric., 438 F.2d 1332, 1337 (8th Cir.1971).[2]
 
 
 9
 In short, the district court properly concluded that the right of prompt payment under Section 228b is extended solely to the seller of livestock or the rancher/farmer. The plaintiff failed to allege in his complaint that he was a seller of livestock, and, thus, the district court properly dismissed the complaint for failure to state a claim for which relief could be granted. Fed.R.Civ.P. Rule 12(b)(6).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 [1]
 Accordingly, the court found it unnecessary to rule on the summary judgment motion wherein Fox relied on a Ohio state court judgment in his favor against Yoder on common law issues
 
 
 [2]
 See also Van Wyk v. Bergland, 570 F.2d 701, 704 (8th Cir.1978) ("One purpose of [Act] is to ... safeguard farmers and ranchers...."); Travelers Indem. Co. v. Manley Cattle Co., 553 F.2d 943, 945 (5th Cir.1977) ("[P]urpose ... was to safeguard farmers and ranchers who produce cattle against losses"); Lich v. Cornhusker Cas. Co., 774 F.Supp. 1216, 1221 (D.Neb.1991) ("[Act] ... is remedial legislation which should be liberally construed to effectuate its purpose of protecting livestock sellers against losses caused by defaulting or insolvent market agencies and purchasers.")