56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Steve EASON, Plaintiff-Appellant,
v.
Robert KOMER, Recreation Programs Supervisor; William
Briscoe, Lieutenant; Tony Ball, Classification/Treatment
Officer; Troy Pollack, Corrections Officer; Walter B.
Chapleau, Warden, Defendants-Appellees.
 No. 94-6132.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1995.
 
 1
 Before: MILBURN and SILER, Circuit Judges, and COOK, Chief District Judge.*
 
 ORDER
 
 2
 Steve Eason, a pro se Kentucky prisoner, appeals a district court judgment granting the defendants' motion for summary judgment in this civil rights case filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In his complaint, Eason alleged that defendant Komer falsely accused Eason of certain misconduct, on February 4, 1993, for which he received the following punishment: 1) 60 days of confinement in disciplinary segregation and 90 days forfeiture of good-time credits for the offense of resisting apprehension; and 2) 180 days of confinement in disciplinary segregation and two years forfeiture of "non-restorable" good-time credits for a charge of assault. Eason alleged that he was not provided a fair hearing on these charges because he was not given adequate time to confer with his chosen "Legal Aide," and that the prison's Disciplinary Hearing Committee and its Adjustment Committee based their decisions on insufficient evidence. Eason also claimed that the defendants denied him the opportunity to file grievances and that they violated his "inherent and inalienable rights and liberty of speech." Lastly, the prisoner stated that, as a result of the 1993 misconduct charges, he was transferred from the Kentucky State Reformatory to the Kentucky State Penitentiary and lost his opportunity to continue his college education while in prison. Eason requested damages, as well as declaratory and injunctive relief. Upon consideration of a motion filed by the defendants for summary judgment, the district court granted the motion on the basis that no trier of fact could find for the plaintiff, considering the evidence submitted by the parties relevant to Eason's accusation that the Adjustment Committee was involved in a retaliatory scheme.
 
 
 4
 On appeal, Eason first argues that the district court erred by "holding his pro se complaint to the same standards as an attorney." Eason also argues that the district court should not have dismissed his complaint without a hearing or jury trial and that the court erred by not accepting the facts in his complaint as true. Eason has filed with this court a motion which may be construed as one for the appointment of counsel. Eason also requests a transcript at government expense.
 
 
 5
 This court's review of a grant of summary judgment is de novo. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir. 1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir. 1993).
 
 
 6
 Contrary to Eason's argument, there is no indication that the district court held the complaint "to the same standards as an attorney." It is self-evident from the district court's Memorandum Opinion that this first argument is simply unfounded. There is no merit to Eason's argument that a jury trial was required before the district court dismissed his complaint, because the district court properly found no genuine issue of material fact to present to a jury. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).
 
 
 7
 The district court was not required, as the prisoner contends, to accept the facts in Eason's complaint as true, under summary judgment procedure. Fed. R. Civ. P. 56; Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). Lastly, we conclude that there is adequate evidence in the record to support the decisions made by the Prison Disciplinary Committee and by the Adjustment Committee, finding Eason guilty and punishing him for the offenses as charged. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 8
 Accordingly, Eason's motion for counsel is denied, his request for a transcript is denied, and the district court's order granting the defendants' motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States Chief District Judge for the Eastern District of Michigan, sitting by designation