Teresa BARNEY, et al., Plaintiffs,

v.

**HOLZER CLINIC, LTD., Defendant.**

**Case No. C–2–94–0400.**

United States District Court,
S.D. Ohio,
Eastern Division.

Oct. 19, 1995.

Timothy Jay Foran, Ohio State Legal Services Assoc., Athens, OH, Anne Sessums Rubin, Southeastern Ohio Legal Service, Athens, OH, Gary Michael Smith, Southeastern Ohio Legal Services, New Philadelphia, OH, for plaintiffs.

David Mark Selcer, Baker & Hostetler, Columbus, OH, for defendant.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on the motion of Defendant, Holzer Clinic, Ltd. (the "Clinic"), to dismiss the complaints of Plaintiffs Teresa and Randy Barney, Intervenor–Plaintiff Bonita Waldron, and the certified class (collectively, "Plaintiffs"). For the reasons that follow, the motion is **GRANTED.**

### I.

The Court laid out the facts of this case when it granted class certification in its Opinion and Order dated November 28, 1994. For the purposes of this motion, the Court reiterates only that named Plaintiffs Teresa and Randy Barney and Intervenor–Plaintiff Bonita Waldron allege on behalf of a similarly situated class that the Clinic violates the Equal Credit Opportunity Act ("ECOA"), codified at 15 U.S.C. § 1691 *et seq.,* by refusing to schedule appointments for, or by cancelling the appointments of, certain persons who

rely on public assistance to pay their medical bills. Plaintiffs' theory is that the refusal to schedule an appointment due to a person's status as a Medicaid recipient is a denial of credit because, if an appointment was scheduled, the Medicaid recipient could receive the benefit of the Clinic's credit policy. Plaintiffs seek to enjoin the Clinic's practices and request damages for emotional harm they suffered from the Clinic's acts.

■■■■ The Clinic has moved to dismiss this lawsuit. A motion to dismiss may be made at any time. Fed.R.Civ.P. 12(h)(2). In resolving a motion to dismiss, the Court must "determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993). If, using any admissible facts, the plaintiff cannot recover under a viable legal theory, the motion must be granted.

## II.

The Equal Credit Opportunity Act makes it unlawful for creditors to use certain criteria to evaluate an application for credit in a "credit transaction." 15 U.S.C. § 1691. One of these criteria is whether "all or part of the applicant's income derives from a public assistance program." 15 U.S.C. § 1691(a)(2).[1] At issue is whether the denial of medical services to persons who receive Medicaid benefits constitutes discrimination in a credit transaction. In what appears to be a matter of first impression, the Court concludes that under the statutory language it does not.

Although the ECOA does not define "credit transaction," the regulations promulgated by the Federal Reserve Board define a

"credit transaction" as "every aspect of an applicant's dealings with a creditor regarding an application for credit or an existing extension of credit." 12 C.F.R. § 202.2(m). "Credit" is "the right granted by a creditor to a debtor to defer payment of a debt or to incur debt and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d).[2] From this language, it is clear that there are two parties to a credit transaction—the creditor; and the applicant for credit, who seeks to become a debtor. The Clinic, under certain circumstances, can be a creditor.[3] The central question, therefore, is whether the Plaintiffs can become "debtors." Plaintiffs contend that they can become debtors because they would owe money for services received. In the alternative, Plaintiffs argue that debt is not a prerequisite for "debtor" status.

### A.

■■■ Plaintiffs' first argument is that they owe money as "debtors" because, as potential recipients of medical services, they have an implied contract to pay the Clinic for services rendered. Plaintiffs' argument fails because the state has primary and exclusive responsibility to pay for medical services given to Medicaid patients. *See Sparks v. Sawaya*, 9 Ohio App.3d 275, 276–77, 9 OBR 489, 459 N.E.2d 901 (1983). The source of the state's liability is a contract between the state and the medical service provider. *See, e.g.*, 42 U.S.C. §§ 1396A(A)(13)(A), 1396a(a)(11)(B); Ohio Rev.Code § 5111.22. In fact, the service provider is barred by law from charging the patient at all. *Id.;* Ohio Admin.Code § 5101:3–1–60(A); *Evanston Hospital v.*

---

1. The Federal Reserve Board ("F.R.B.") interprets "public assistance" to include Medicaid if the creditor is a medical service provider. Official Staff Interpretation, 12 C.F.R. § 202.2(z)–3. The Court defers to that interpretation. The Court does not, however, agree with the Plaintiffs that the F.R.B.'s interpretation requires medical service providers to grant service to all Medicaid recipients. As discussed below, Plaintiffs' reading of § 202.2(z)–3 is contrary to the intent of Congress as expressed in the language of the ECOA and the Medicaid laws generally.

2. Because the regulation defining "credit," 12 C.F.R. § 202.2(j), differs slightly from 15 U.S.C.

§ 1691a(d), the Court relies exclusively upon the statutory definition.

3. The ECOA does not discuss whether medical service providers can be creditors, but the Federal Reserve Board categorizes delayed billing for medical services as a type of credit. Official Staff Interpretation, 12 C.F.R. § 202.3(c)–1. This interpretation governs because it is not clearly erroneous. *See Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

*Hauck,* 1 F.3d 540 (7th Cir.1993). Medicaid creates an exclusive contract between the service provider and the Government; the patient is not a party to an express or implied contract and owes nothing to the provider. Accordingly, if the Plaintiffs are to prove that they are applying to become "debtors" in a credit transaction, they must first prove that a "debtor" need not be in debt.

### B.

The Plaintiffs' alternative argument is that statutory term "debtor" is not limited to persons who are in debt. According to the Plaintiffs, the classification "debtor" comprises persons who satisfy one of the three criteria listed in the definition of "credit."[4] The third category, persons who "purchase property or services and defer payment therefor," does not explicitly mention debt; therefore, argue Plaintiffs, the debtor need not be the person owing the deferred payment.

Plaintiffs' argument is without merit. First, Plaintiffs' statutory interpretation abuses the English language. The word "debtor," in any context, refers to one who owes a debt; it is nonsense to believe that one becomes a debtor by receiving services for which someone else must pay. Medicaid patients are not "debtors" under the ECOA because they are not liable for the costs of their medical services.

■ Second, according to the statute, "credit" is a right flowing from a creditor "to a debtor." Under this language, the benefit—that is, credit—and the obligation—that is, debt—accrue in the same entity. In the Medicaid system, that entity is the person liable for the debt, which is the Government. Here, the Government sets its own credit terms, so the ECOA does not apply.

Finally, the idea that "credit" can exist without debt does violence to the concept of a "credit transaction." A "transaction" involves the exchange of obligations between two parties. Here, there could be no transaction between the Plaintiffs and the Clinic because there would be no exchange of obligations. Any transaction that occurs is between the Government and the care provider; the patient would merely be a beneficiary of the exchange. Because any construction that ignores the role of debt in the classification of a "debtor" also reads concept of "transaction" completely out of the statute, such a construction cannot stand.

■ Debt is an integral part of a credit transaction. The Plaintiffs are not, nor have they applied to become, debtors of the Clinic. Accordingly, they did not participate in a credit transaction, and they have no claim under the ECOA.

### III.

The Medicaid laws also demonstrate a Congressional intent contrary to the Plaintiffs' interpretation of the ECOA. The federal and state statutes creating the Medicaid system are comprehensive, and explicitly provide for such details as the degree of federal recoupment of overpayments made to hospitals by states (42 U.S.C. § 1396b(d)(2)(D) and § 1396b(u)); the inability of participating health maintenance organizations to refuse Medicaid patients based on their illness (42 U.S.C. § 1396b(m)(2)(A)(iv)); and a ban preventing former managers of medical service providers that have defrauded the Government from working for other providers (Ohio Rev. Code § 5111.03(A)). Despite volumes of regulations, however, neither the federal nor the state Medicaid laws create what, if it existed, would obviously be a fundamental principle of the system—mandatory participation by medical service providers. *See, e.g.,* 42 U.S.C. § 1396a(a)(13)(a) (states must offer incentives which ensure adequate participation by providers). Plaintiffs admit this. (Pl.'s Reply Mem. Opp. Def.'s Mot. to Dismiss at 22.) Under the system as it stands, the decision of whether to participate in the Medicaid program—and, by implication, the level of participation—is left to the medical service provider.

---

**4.** Credit is "the right granted by a creditor to a debtor to defer payment of a debt or to incur debt and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d).

The Plaintiffs' interpretation of the ECOA is antithetical to the current Medicaid scheme. Under the Plaintiffs' theory, every scheduled visit with the Clinic is a credit transaction because the Clinic routinely allows patients to defer payment of their bills. Thus, denial of service to a Medicaid recipient would automatically and always constitute discrimination in a credit transaction. The Clinic and every medical service provider would be forced into the Medicaid system. Although mandatory provider participation in Medicaid may be preferable, the Plaintiffs have presented no authority that suggests that Congress intended to use the credit laws to implement a new health care plan. The ECOA simply is not the vehicle that Congress would or did choose to implement such a system.

## IV.

■ Plaintiffs' second claim is that the Clinic's denial of service to certain Medicaid recipients violates Ohio's Consumer Sales Practices Act ("CSPA"), Ohio Rev.Code §§ 1345.01 *et seq.* When a case has no remaining federal claims, federal courts ordinarily decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Landefeld v. Marion General Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir.1993). Because there are no remaining federal issues in this case, and because proper adjudication of this claim may involve interpreting both Ohio's Medicaid laws and the CSPA, the Court believes that this case is best handled in the state judicial system. The Court thus refuses to extend its supplemental jurisdiction over this matter and dismisses the remaining claim.

## V.

The ECOA only applies when a debtor is liable to a creditor. Because that circumstance does not arise between a Medicaid recipient and a medical service provider, the ECOA does not create a right to service. The existing Medicaid scheme dictates the same result. The Court believes that any other interpretation is contrary to the direct intent of Congress.

Upon consideration and being duly advised, the Court finds Defendant Holzer Clinic, Ltd.'s motion to have merit, and it is, therefore, **GRANTED**. Plaintiffs' claim under the federal ECOA is **TERMINATED**. Because the Court believes that an Ohio court should address the policies of Ohio's Medicaid and consumer protection laws, the Court refuses to extend its supplemental jurisdiction and **DISMISSES** Plaintiffs' claim under the Ohio CSPA **WITHOUT PREJUDICE**. This case is terminated in this Court.

**IT IS SO ORDERED.**