103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David W. STEWART, Plaintiff-Appellant,
v.
Lawrence A. BELSKIS, Judge; State of Ohio; Richard P.
Sears; Sandra S. Sears; Franklin County Probate
Court; Richard B. Metcalf; William L.
Clark; Timothy D. Gerrity,
Defendants-Appellees.
 No. 96-3490.
 United States Court of Appeals, Sixth Circuit.
 Dec. 09, 1996.
 
 Before: ENGEL, BROWN, and COLE, Circuit Judges.
 
 ORDER
 
 1
 David W. Stewart appeals a district court judgment dismissing his complaint in part for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), and granting summary judgment for defendants in part. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stewart filed his complaint in the district court alleging that he was deprived of his constitutional rights in the context of a 1966 adoption proceeding in an Ohio probate court in which his ex-wife and her second husband adopted his daughter. Plaintiff named as defendants the State of Ohio, three Ohio judicial officers, two private attorneys, his ex-wife and her husband, all in unspecified capacities. Plaintiff sought compensatory and punitive damages and injunctive relief. Defendants moved to dismiss plaintiff's complaint and defendant Gerrity also moved the district court for summary judgment. After plaintiff responded in opposition to the motions to dismiss, the district court dismissed the complaint with respect to the three defendant judicial officers. Thereafter, the district court granted summary judgment in favor of one defendant attorney and dismissed the complaint with respect to the remaining defendants. Although the district court also ordered plaintiff to show cause why Fed.R.Civ.P. 11 sanctions should not be imposed, the court subsequently declined to impose sanctions after consideration of plaintiff's response. This timely appeal followed.
 
 
 3
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Likewise, this court reviews de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993). Upon de novo consideration, the judgment is affirmed for the reasons stated by the district court in its opinions and orders filed March 6 and March 26, 1996. Moreover, it is noted that there is no basis for plaintiff's request for sanctions asserted in his reply brief.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.