Darnell E. DICKERSON; Lisa S. Searcy, Plaintiffs–Appellants,

v.

Kenneth L. MCGINNIS, et al., Defendants–Appellees.

No. 00–1694.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before BOGGS and DAUGHTREY,

Circuit Judges; WEBER, District Judge.[*]

## ORDER

Darnell E. Dickerson and Lisa S. Searcy appeal a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Dickerson and Searcy filed their complaint and an amended complaint in the district court alleging that the defendant Michigan prison officials terminated a visit and permanently terminated visiting privileges between the two after Dickerson was found in possession of a bracelet belonging to Searcy. Plaintiffs named ten Michigan prison officials in their individual capacities and sought declaratory relief and compensatory and punitive damages. Nine of the defendants moved to dismiss the complaint, and plaintiffs moved for summary judgment. The magistrate judge recommended that defendants' motion to dismiss be treated as one for summary judgment and that the motion be granted, and plaintiffs filed objections. The district court adopted the magistrate judge's recommendation and entered judgment for defendants. Plaintiffs filed a notice of appeal docketed in this court as Case No. 99–2175.

The remaining defendant then moved to dismiss the complaint, and the district court reopened this case because the remaining defendant had been served. Plaintiffs responded in opposition to defendant's motion to dismiss, and this court dismissed plaintiffs' initial appeal for lack of jurisdiction. The magistrate judge recommended that the remaining defendant's motion to dismiss be granted. Contemporaneously, the magistrate judge entered orders: (1) denying plaintiffs' motion for a default judgment; and (2) denying plaintiffs' motion for leave to amend their complaint. Over plaintiffs' objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint. This timely appeal followed.

On appeal, plaintiffs contend that they established claims for retaliation, violation of due process, and conspiracy cognizable under § 1983, and that genuine issues of material fact remain for trial. Defendants respond that the district court's judgment was proper. Upon de novo review, *see Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1239–40 (6th Cir. 1993); *Brooks v. American Broad. Cos.,* 932 F.2d 495, 500 (6th Cir.1991), we affirm the judgment essentially for the reasons stated by the district court.

First, the district court properly rejected plaintiffs' due process claim because plaintiffs cannot state a claim upon which relief can be granted under § 1983. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 460–61, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). Nor can plaintiffs establish a cognizable retaliation claim. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). Finally, plaintiffs cannot show any conspiracy motivated by an improper class based animus or otherwise. *See Smith v. Thornburg,* 136 F.3d 1070, 1078 (6th Cir.1998); *see also Collyer v. Darling,* 98 F.3d 211, 233 (6th Cir.1996).

---

[*] The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.