**Keith YOHN, Plaintiff–Appellant,**

v.

**UNIVERSITY OF MICHIGAN REGENTS, et al., Defendants–Appellees.**

**No. 01–1734.**

United States Court of Appeals, Sixth Circuit.

June 24, 2002.

Before CLAY and GILMAN, Circuit

Judges; HAYNES, District Judge.*

### ORDER

Keith Yohn, a university professor, appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983 with supplemental state law claims. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Yohn filed his complaint and two amended complaints in the district court alleging that the defendant officials at the University of Michigan violated his First Amendment rights when they vacated failing grades that he assigned to two students on a practical exam project. Defendants moved to dismiss the complaint or for summary judgment, plaintiff responded in opposition, and defendants submitted a reply. The magistrate judge held a hearing, and recommended that the defendants' motion to dismiss be granted. After plaintiff filed objections, the district court adopted the magistrate judge's recommendation in part, rejected it in part, but granted defendants' motion and dismissed plaintiff's complaint. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that: (1) defendants violated his civil rights; (2) the decision relied upon by the district court, *Parate v. Isibor*, 868 F.2d 821 (6th Cir. 1989), is distinguishable; and (3) the district court improperly dismissed his claim for intentional infliction of emotional distress with respect to two of the defendants. Defendants respond that the district court's judgment was proper. Upon de novo review, *see Allard v. Weitzman*

*(In re DeLorean Motor Co.)*, 991 F.2d 1236, 1239–40 (6th Cir.1993), we will affirm the judgment for the reasons stated by the district court in its order accepting in part, and rejecting in part the magistrate's report and recommendation filed May 7, 2001.

This court has held that a university professor has no constitutional right to insist that a grade assigned by the professor cannot be changed by the university so long as the professor is not personally required to make the change. *See Parate*, 868 F.2d at 827–30. Plaintiff's attempt on appeal to distinguish the facts in *Parate* from the instant case is unavailing. Finally, the district court properly dismissed plaintiff's intentional infliction of emotional distress claim because plaintiff alleged nothing that can be deemed to meet the elements of a cause of action under Michigan law: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *See Roberts v. Auto–Owners Ins. Co.*, 422 Mich. 594, 374 N.W.2d 905, 908 (Mich. 1985). Accordingly, plaintiff's claims on appeal lack merit.

For the foregoing reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.