*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0113p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re: TRIPLE S RESTAURANTS, INC.,
　　　　*Debtor.*

---

DONALD M. HEAVRIN,

　　　　　　　　　　　　*Appellant,*

　　　*v.*

J. BAXTER SCHILLING,

　　　　　　　　　　　　*Appellee.*

No. 07-5452

---

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 06-00407—John G. Heyburn II, Chief District Judge.

Submitted: January 16, 2008

Decided and Filed: March 17, 2008

Before: MARTIN, GIBBONS, and GRIFFIN, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** R. Kenyon Meyer, DINSMORE & SHOHL, Louisville, Kentucky, for Appellant. Donald L. Cox, William H. Mooney, LYNCH, COX, GILMAN & MAHAN, Louisville, Kentucky, for Appellee.

---

## OPINION

---

　　　　BOYCE F. MARTIN, JR., Circuit Judge. Donald Heavrin appeals the district court's decision affirming the bankruptcy court's dismissal of his claim for intentional infliction of emotional distress, and imposition of sanctions. We AFFIRM.

I

　　　　Heavrin served as general counsel for Triple S Restaurants in the early nineties. The company filed for bankruptcy under Chapter 7 in 1994 and J. Baxter Schilling was appointed Trustee in bankruptcy. The long history of litigation between these parties was chronicled in our previous case, *Triple S Restaurants, Inc., v. Heavrin*, 422 F.3d 405 (6th Cir. 2005).

1

In 1996, Schilling sought to obtain through the bankruptcy court approximately $252,000 from Heavrin alleging that the money, which came from a life insurance policy, belonged to the estate for which he was serving as trustee. During settlement negotiations, Schilling allegedly threatened to report Heavrin to the United States Attorney for criminal charges if he did not pay $240,000 in settlement. On November 1, 2005, Heavrin filed a complaint in Kentucky in the Jefferson Circuit Court alleging outrage and intentional infliction of emotional distress. On November 21, Schilling removed the case to federal bankruptcy court. Schilling then moved for dismissal and sanctions under Bankruptcy Rule 9011 (which parallels FED. R. CIV. P. 11). The bankruptcy court granted both motions. Heavrin appealed the bankruptcy court's decision to federal district court on July 5, 2006. The district court found no error in the bankruptcy court's decision, and affirmed. Heavrin now appeals to this Court.

II

In an appeal from a bankruptcy court, we review questions of law *de novo* and questions of fact for clear error. *In re Lowenbraun*, 453 F.3d 314, 319 (6th Cir. 2006). We review the decisions of the bankruptcy court directly, rather than the decision of the district court. *Id*.

The bankruptcy court properly exercised jurisdiction over this case. *See Barton v. Barbour*, 104 U.S. 126, 127 (1881). Under the *Barton* doctrine, "leave of the [bankruptcy] forum must be obtained by any party wishing to institute an action in a [state] forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoted in *Lowenbraun*, 453 F.3d at 321). This rule allows bankruptcy courts to retain greater control over administration of the estate. *Lowenbraun*, 453, F.3d at 321.

Heavrin argues that Schilling was not acting in his official capacity when he stated he would refer the matter for criminal investigation if Heavrin would not agree to the settlement, and therefore the *Barton* doctrine does not apply. By suggesting he might breach his duty to report a criminal violation relating to the bankruptcy, Heavrin argues, Schilling necessarily acted outside the scope of his authority as a trustee. However, the bankruptcy court found that Schilling had acted within the scope of his authority because the negotiations pertained to recovering assets for the estate. It is also difficult to say the threat itself was outside the scope of Schilling's authority since, as Heavrin points out in his brief, Schilling was under a duty to report any criminal activity related to the bankruptcy proceedings. *See* 18 U.S.C. § 3057(a). Because the negotiations were within the context of recovering assets for the estate, we cannot find the bankruptcy court's determination that Schilling acted within the scope of his authority as trustee clearly erroneous.

In the exercise of its jurisdiction, the bankruptcy court correctly dismissed Heavrin's claim of intentional infliction of emotional distress and outrage.[1] A complaint may be dismissed if it does not contain either direct or inferential allegations respecting all the material elements required to sustain the claim. *See In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). "In order to establish [intentional infliction of emotional distress], the plaintiff must prove the following elements: The wrongdoer's conduct must be intentional or reckless; the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; there must be a causal connection between the wrongdoer's conduct and the emotional distress and the distress suffered must be severe." *Osborne v. Payne*, 31 S.W.3d 911, 913-14 (Ky. 2000). Here, the bankruptcy court found that there "is a complete absence of facts to support a claim that the actions of the Trustee were so intolerable as to reach beyond the bounds of decency and morality,"

---

[1] Although Heavrin asserts these as separate causes of action, intentional infliction of emotional distress and outrage are synonymous in Kentucky law. *See Papa John's Intern'l, Inc. v. McCoy*, 2008 WL 199716, *4 (Ky. 2008).

and therefore the alleged actions could not rise to the level of intentional infliction of emotional distress.  We agree and further note that Heavrin does not allege emotional distress of *any* kind, much less of a severe nature.  This is a particularly remarkable omission given the name of the tort. We therefore find no error in the bankruptcy court's dismissal of Heavrin's complaint.

We review the imposition of sanctions for abuse of discretion.  *In re Downs*, 103 F.3d 472, 480 (6th Cir. 1996).  Heavrin makes extensive arguments focused on alleged lack of notice and due process prior to receiving sanctions.  We do not address the merits of these arguments because Heavrin failed to raise them in the district court, and therefore waived them. *See In re Nat'l Century Fin. Enterprises, Inc.*, 423 F.3d 567, 579 (6th Cir. 2005) (citing *Thurman v. Yellow Freight Sys., Inc.*, 97 F.3d 833, 835 (6th Cir. 1996)).

The test for imposing sanctions in this Circuit is "whether the individual attorney's conduct was reasonable under the circumstances." *In re Big Rapids Mall Associates*, 98 F.3d 926, 930 (6th Cir. 1996).  A judge should not use hindsight to determine the reasonableness of an attorney's acts, but should use an objective standard of what a reasonable attorney would have done at that time. *Id*.  Heavrin argued to the district court that he made a good faith effort to interpret the law by consulting with other lawyers about the merits of his claim, and that his conduct was reasonable under the circumstances.  The bankruptcy court, in its decision imposing sanctions noted that "any cursory examination would have revealed the facts pled in the complaint would not support a claim for outrage," and therefore the complaint was baseless.  We agree that a reasonable attorney would have noticed Heavrin's clear failure to plead facts supporting a conclusion of outrageous conduct or any emotional distress. Therefore we cannot say the bankruptcy court abused its discretion in imposing sanctions.

III

For the foregoing reasons we AFFIRM the decision of the district court.