81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Arthur HAMM, Plaintiff-Appellant,
v.
LOCAL 2100 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
Defendant-Appellee.
 
 1
 No. 95-5297.
 
 
 2
 United States Court of Appeals, Sixth Circuit.
 
 
 3
 March 29, 1996.
 
 
 4
 Before: KENNEDY and MOORE, Circuit Judges, and WELLS, District Judge.*
 
 ORDER
 
 5
 Arthur Hamm appeals a district court judgment dismissing his civil action in which he alleged that the defendant union breached its duty to fairly represent him in grievance proceedings against his employer. The parties have expressly waived oral argument in this case. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Hamm filed his complaint by counsel in the Jefferson County, Kentucky, Circuit Court on July 5, 1994, alleging that the defendant: (1) failed to prosecute an initial grievance filed on his behalf against his employer, Louisville Gas & Electric (LG & E); then (2) failed to accept an offer to settle a second identical grievance despite plaintiff's requests to accept the offer. Defendant removed the case to the district court and filed a motion to dismiss the complaint as barred under the applicable statute of limitations. Plaintiff responded in opposition, and defendant submitted a reply. The district court granted defendant's motion and dismissed the complaint. Plaintiff filed a timely notice of appeal.
 
 
 7
 On appeal, plaintiff concedes that his claim with respect to the first grievance is barred but contends that the statute of limitations has not commenced with respect to his second grievance because the employer's offer to settle the grievance was never withdrawn. Defendant responds that plaintiff's claims are barred under the statute of limitations. Upon consideration, the judgment of the district court is affirmed.
 
 
 8
 Generally, this court will review de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993). The court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id. at 1240. However, mere conclusions need not be accepted as true under this standard. Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987). Here, plaintiff's claim is barred by the applicable statute of limitations.
 
 
 9
 A § 301 claim accrues when plaintiff discovers or should have discovered through exercise of due diligence the acts constituting the alleged violation. Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1000 (6th Cir.1994). Because plaintiff filed his complaint on July 5, 1994, this action is timely only if plaintiff's remaining claim accrued after January 5, 1994. See id. However, plaintiff alleged no act by defendant which could be construed as a discrete violation after January 5, 1994, or as a "continuing violation" which involves "a series of violations that include both timely and untimely instances of actionable misconduct." See id. at 1000-01. Rather, plaintiff has alleged a "failure to prosecute a grievance concerning a promotion" arising before January 5, 1994. See id. at 1001. The record reflects that on November 23, 1993, plaintiff's counsel sought to accept the employer's offer to promote plaintiff effective August 16, 1993, but only if defendant agreed in writing that acceptance would not "constitute a bar against a claim against the Union for failure to pursue" the initial grievance. At that point, plaintiff knew or should have known of the all of the acts constituting the alleged violation. Although the employer's offer to settle the remaining grievance was not withdrawn and plaintiff attempted to contact defendant in an effort to accept the offer beyond that point, plaintiff knew or should have known of the acts constituting the violation alleged in this case no later than November 23, 1993. Accordingly, plaintiff's complaint was properly dismissed as barred under the applicable statute of limitations.
 
 
 10
 Finally, plaintiff's contention on appeal that his claim has not yet accrued is meritless. First, this court generally will not address a contention asserted in the first instance on appeal. See id. at 1002. Of course, the statute of limitations cannot expire if plaintiff's claim has not yet accrued. See id, at 1000. Again, plaintiff knew or should have known of the acts constituting the alleged violation no later than November 23, 1993. Accordingly, plaintiff's claim accrued and is barred by the statute of limitations in any event.
 
 
 11
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation