91 F.3d 143
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alice M. BOWERS, Plaintiff-Appellant,
v.
SEARS, ROEBUCK & CO., et al., Defendants-Appellees.
 No. 94-3917.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1996.
 
 Before: MERRITT, Chief Circuit Judge, GUY and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case involving the health insurance coverage provided by Sears, Roebuck & Company to its employees, we AFFIRM the district court's dismissal of several counts in the complaint and grant of summary judgment on the remaining claims.
 
 I. FACTS
 
 2
 At the time an automobile accident rendered Alice M. Bowers a quadriplegic, Ms. Bowers was covered under Sears' employee health benefits plan (hereinafter "the Active Plan"). The Active Plan covered employees actively at work. When Ms. Bowers was no longer eligible for coverage under the Active Plan, she enrolled in a conversion plan, Plan D.
 
 
 3
 The Active Plan and Plan D both provided unlimited medical maximum benefits and both contained coordination clauses in the event other benefits were also received. Plan D explicitly provided for coverage termination and transfer to Plan E once the insured became Medicare eligible. Additionally, under Plan E, Ms. Bowers's lifetime maximum medical benefit was $150,000.
 
 
 4
 When she became eligible for Medicare, Ms. Bowers' coverage was automatically transferred to Plan E. Shortly before she had exhausted the lifetime maximum benefit under Plan E, Ms. Bowers filed this lawsuit seeking a declaration of her rights of coverage, asserting state claims for compensatory and punitive damages, and federal claims under the Employee Retirement Income Security Act, 29 U.S.C. § 1002, et seq. (1991) (hereinafter "ERISA").
 
 
 5
 After granting Ms. Bowers's motion to amend her complaint, the district court dismissed the state claims in the amended complaint due to ERISA preemption. The district court then dismissed two of the amended complaint's four ERISA claims because Ms. Bowers failed to state a specific set of facts demonstrating that the alleged ERISA violations resulted in the termination of health care coverage. The district court subsequently granted Sears' motion for summary judgment on the remaining claims. This timely appeal followed.
 
 II. ANALYSIS
 
 6
 For the issues below involving a partial dismissal of the complaint, the court must construe the complaint in a light most favorable to the plaintiff, accept her factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994). This standard, of necessity, demands a de novo review of the district court's decision to dismiss. Allard v. Weitzman, 991 F.2d 1236, 1239-40 (6th Cir.1993).
 
 A. Dismissal of the Ohio Statutory Claim[1]
 
 7
 Ms. Bowers states that she had a statutorily vested right to an option to convert her "policy of group sickness and accident insurance" to an individual policy pursuant to OHIO REV.CODE § 3923.122(A) and (B) (Anderson 1989). We disagree. The plain language of the referent statutory provision covers group sickness and accident insurance under a policy issued to an employer, not insurance provided by an employer as a self-insurer. See OHIO REV.CODE § 3923.12(A)(1)-(4) (Anderson 1989) ("Group sickness and accident insurance is that form of sickness and accident insurance covering groups of persons ... under a policy issued to an employer ..."). As a self-insurer, Sears' plan is not covered by the statute. We thus affirm the district court's dismissal of Ms. Bowers' state-law claim.[2]
 
 B. Dismissal of the Two ERISA Claims
 
 8
 Ms. Bowers sought compensatory and punitive damages, alleging that Sears violated ERISA by failing to maintain its plan pursuant to a written instrument and by failing to provide a summary description of the plan. Ms. Bowers argues that these statutory violations will cause her, rather than Sears, to pay expenses for necessary medical treatment. The district court, after noting that the relevant ERISA provision, 29 U.S.C. § 1132(A)(3), permitted only equitable relief, dismissed these claims, stating:
 
 
 9
 Assuming arguendo that Sears failed to maintain a written plan and summary description thereof, Bowers nevertheless proposes no set of facts to demonstrate that those failures by Sears contributed to the termination of Bowers' coverage under the original plan. Absent a specific suggestion that Sears' alleged statutory violations caused her injury, Bowers simply cannot state a claim for equitable relief.
 
 
 10
 We believe the district court correctly decided this issue; the amended complaint sought only damages and not equitable relief, and contained no facts which would show a causal connection between the violation and the injury.
 
 
 11
 C. Grant of Summary Judgment on the Remaining ERISA Claims
 
 1. Equitable Estoppel Claim
 
 12
 Ms. Bowers sought a declaration that she was entitled to receive medical benefits without a maximum lifetime benefit ceiling as provided in both the Active Plan and Plan D. Ms. Bowers asserts that misrepresentations made to her by Sears estopped Sears from providing otherwise. The issue of Sears' representations is hotly contested by both sides. One of the elements of an estoppel claim in an ERISA action is detrimental reliance. Armistead v. Vernitron Corp., 944 F.2d 1287, 1298 (6th Cir.1991). Once again, we agree with the district court: "The lack of evidence concerning [the detrimental reliance] element negates plaintiff's claim. Plaintiff simply did not have the opportunity to elect an alternative plan more attractive than Plan D, and therefore she can prove no detrimental reliance upon the representations allegedly made by Sears."
 
 
 13
 Judge Bell correctly noted that regardless of the option Ms. Bowers chose when the Active Plan terminated, she would have been in the present predicament when she became eligible for Medicare in January 1993. Since the conversion plans all terminated coverage upon Medicare eligibility, the factual determination regarding the representations would not affect the outcome of her claim and is, therefore, not material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 2. The Plan Interpretation Claim
 
 14
 Since the Sears' plans gave the plan administrator discretionary authority to interpret the terms of the plans, we review the plan administrator's determinations under an arbitrary and capricious standard of review. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989). Judge Bell found no genuine issue of material fact regarding the alleged arbitrary and capricious nature of the plan administrator's determinations. Neither do we.
 
 
 15
 Interpretation of an ERISA plan is guided by traditional principles of contract interpretation according to federal law. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56-57 (1987). "[E]ach provision of a contract should be interpreted as part of an integrated whole, to the end that all of the provisions may be given effect if possible." Musto v. American General Corp., 861 F.2d 897, 906 (6th Cir.1988), cert. denied, 490 U.S. 1020 (1989).
 
 
 16
 The plan administrator's interpretation reasonably harmonized the coordination and termination provisions of Plan D: when read together, it becomes clear that Plan D coordinates Medicare benefits received by the dependent, not the covered employee, and that when the employee receives Medicare benefits she is switched to Plan E. This was the interpretation adopted by the plan administrator and it is neither arbitrary nor capricious. Ms. Bowers' contentions do not raise a genuine issue of material fact regarding the plan interpretation.
 
 III. Conclusion
 
 17
 As Judge Bell perceptively stated, the moral worth of the plan is not at issue. We are bound by the language of the plan and find no error in the district court's decision. Accordingly, we AFFIRM.
 
 
 
 [1]
 Ms. Bowers does not appeal the dismissal of her state common law bad faith and emotional distress claims
 
 
 [2]
 Even if we found the terms of the statute to reach Sears, we are persuaded by the reasoning of the district court that ERISA would preempt its application, and thus we would nevertheless affirm the dismissal