Gary N. DEUSNER, Plaintiff,

v.

FIRSTAR CORPORATION and Firstar Bank, National Association, Defendants.

No. CIV.A.3:00CV–615–S.

United States District Court,
W.D. Kentucky,
at Louisville.

July 26, 2001.

Mark D. Fischer, Mark McClure Sandmann, Rawlings & Associates, Louisville, KY, C. Brooks Cutter, Morton L. Friedman, Friedman, Collard, Cutter & Panneton, Sacramento, CA, for Plaintiff.

M. Thurman Senn, John T. McGarvey, Sun S. Choy, Morgan & Pottinger, Louisville, KY, for Defendants.

### MEMORANDUM OPINION

SIMPSON, Chief Judge.

This matter is before the Court on various motions, including motions by the Defendants to dismiss the Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. For the reasons stated below, we will grant these motions by a separate order entered this date. The remaining motions will be dismissed as moot.

### FACTS

The Plaintiff, Gary Deusner, leased a 1998 Dodge Avenger from the Neil Huffman Dodge dealership on November 20, 1998. Star Bank, N.A., now Firstar Bank, N.A., ("Firstar"), was included on Deusner's lease as a Lessor. A provision of these lease stated, "If all or any portion of a Monthly Payment ... is not received within 10 days after it is due, you will pay a late charge of $20, or 5% of the unpaid amount, whichever is greater." At some point during the term of the lease, Deusner missed a monthly payment by more than ten days and paid the $20 late payment penalty as required.

### DISCUSSION

Deusner has filed suit against the Defendants on behalf of himself and all others similarly situated based upon the imposition of the late payment penalty. He alleges that the charge is far in excess of the Defendants' actual or anticipated damages resulting from the late payment. Therefore, he claims that it violates the Consumer Leasing Act, 15 U.S.C. § 1667 et seq., ("CLA"), in that it is unreasonable. The Defendants argue that the CLA does not regulate the reasonableness of penalties for late payment and that the fee charged to Deusner does not amount to a "default" or "delinquency" under the CLA.

### Standard

In determining a motion to dismiss, we "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996) (quoting *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994)). The Sixth Circuit expounded on this standard in the case of *Andrews v. Ohio,* 104 F.3d 803 (6th Cir. 1997).

This Court must ... determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. A complaint need only give "fair notice of what plaintiff's claim is and the grounds upon which it rests." A judge may not grant a Fed.R.Civ.P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations. While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."

*Id.* at 805 (quoting *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993))(internal citations omitted).

### Consumer Leasing Act

The CLA was passed by Congress in March, 1976, as an amendment to the Truth in Lending Act. Its purpose was to protect consumers who were leasing rather than buying automobiles from a perceived lack of "adequate cost disclosures." 15 U.S.C. § 1601(b). Deusner brings his claim under 15 U.S.C. § 1667b(b), which states:

> Penalties or other charges for delinquency, default, or early termination may be specified in the lease but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the delinquency, default, or early termination, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy.

He contends that this statute limits the amount that Firstar can charge him for making his monthly payment late to a reasonable amount.

The Defendants argue that this section of the CLA does not touch upon penalties for late payment. They note that CLA separately requires that the "amount and method of determining any penalty or other charge for delinquency, default, *late payment,* or early termination" be stated clearly and conspicuously in the lease. § 1667a(11)(emphasis supplied). Thus, they conclude that the omission of the term 'late payment' from § 1667b(b) establishes that Congress did not intend to regulate the reasonableness of penalties for late payments. We agree.

It is a recognized rule of statutory construction that when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983).

Thus, we presume that the fact that the term 'late payment' is included in § 1667a(11) and not in § 1667b(b) means that Congress did not intend the latter to cover penalties for late payments. There is no question that the $20 charge paid by Deusner amounts to a penalty or charge for a late payment. Therefore, the charge is not directly regulated by § 1667b(b).

Deusner argues, however, that the charge must be reasonable because it amounts to a penalty for 'default' under the terms of the lease or for 'delinquency' under the common meaning of that term. It is true that the lease declares a failure "to make any payment when due" to be a "default." (Pl. Mem. Resp. Summ.J., Ex. 4 ¶ 23 A(1).) Also, Webster's II New Riverside University Dictionary defines 'delinquent' as "Overdue in payment, as an account." Thus, standing alone, these terms might include a penalty for making a monthly payment late. However, in the context of the CLA, we find that whatever these terms include, they do not cover penalties for 'late payment.'

The rules of statutory construction "suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise...." *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979). In § 1667a(11), the terms at issue are presented in the disjunctive and, thus, we conclude they have different meanings. Even if there is some overlap possible, the more specific should govern over the more general. *Gallenstein v. United States,* 975 F.2d 286, 290 (6th Cir.1992). The penalty charged by Firstar for Deusner's failure to make his monthly payment within ten days of the due date was a charge for a 'late charge' penalty under ¶ 15 of the lease; so we are best guided by the precise language used in the written document governing the parties' relationship.

■ In essence, Deusner asks us to read the term 'late payment' in § 1667a(11) as superfluous, in that the terms 'default' and 'delinquency' could cover the same ground. However, in construing the CLA, "we are obliged to give effect, if possible, to every word Congress used." *Reiter*, 442 U.S. at 339, 99 S.Ct. 2326. To give 'late payment' any effect or meaning, we must construe it to mean something other than 'delinquency' or 'default.' Because it is possible to make this distinction, we are obliged to reject Deusner's argument.

Our interpretation of the statute is supported by its legislative history. Firstar has cited us to the comments of several legislators which indicate that the purpose of the § 1667b(b) was to protect consumers from balloon payments at the conclusion of a lease. *See* S. Rep. 94–590 at 7(reprinted in 2 U.S. Cong. & Admin. News 1976 at p. 437)(§ 1667b(b) "is intended to protect consumers from unwarranted penalties or forfeitures for delinquency or default, or whenever the lease is terminated prior to its scheduled expiration."); Congressional Record (3/9/76) at 5836(statement of Representative Annunzio); *Id.* at 3835(statement of Representative Wylie)(§ 1667b(b) "will prohibit undisclosed balloon payments at the end of a lease."); *Equal Credit Opportunity Act Amendments and Consumer Leasing Act—1975: Hearings Before the Subcommittee on Consumer Affairs of the Senate Committee on Banking, Housing, and Urban Affairs*, 94th Cong., 1st Sess., 201 (7/17/75)(statement of Jeffrey M. Bucher, Member, Board of Governors, Federal Reserve System)(the purpose of § 1667b(b) is to "avoid leaving the consumer lessee with an unduly large balloon payment at the end of the lease term."). Deusner has not cited any legislative history suggesting that Congress was concerned with the amount that lessors were charging consumers for making late monthly payments.

In his response brief, Deusner notes a regulation of the Board of Governors of the Federal Reserve System (the "Board") which states:

> For any consumer lease subject to this part, the lessor shall disclose the following information, as applicable:
>
> (q) Penalties and other charges for delinquency. The amount or the method of determining the amount of any penalty or other charge for delinquency, default, or *late payments*, which must be reasonable.

12 C.F.R. § 213.4(q)(emphasis supplied). We, however, are not bound by t his regulation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 n. 9, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984)("If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect."). Applying well-established canons of construction, we have determined that Congress did not intend to regulate the reasonableness of penalties for late payments. Therefore, even if § 213.4(q) represents the Board's interpretation of the CLA, it contradicts the intention of Congress and is not enforceable.

## CONCLUSION

The CLA does not require that penalties for late monthly payments be reasonable. Therefore, Deusner has failed to state a claim upon which relief can be granted. The Defendants' motions will be granted by a separate order entered this date.