Everett BISHOP, Individually and as Administrator of the estate of Janet Bishop, deceased, Plaintiff–Appellant,

v.

WAL–MART STORES, INC.; Todd Maggard, Individually and as Manager of Wal–Mart, Defendants–Appellees.

No. 00–5306.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before BOGGS, DAUGHTREY, and FARRIS,* Circuit Judges.

*ORDER*

Everett Bishop appeals a district court judgment that dismissed his civil complaint for failure to state a claim upon which relief can be granted. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit because neither party has requested oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Bishop filed his complaint in the Pike County, Kentucky, Circuit Court, alleging that his wife, Janet Bishop, died as a result of injuries sustained while she was working at a Wal–Mart store in Pikeville, Kentucky. Plaintiff named as defendants the store manager and the parent corporation of the store and sought unspecified compensatory and punitive damages. Defendants removed the complaint to the district court, asserting that diversity of citizenship jurisdiction exists because the defendant store manager, like plaintiff a citizen of Kentucky, was joined as defendant solely in an effort to destroy diversity jurisdiction. Thereafter, defendants filed an answer and motion to dismiss, and plaintiff filed a motion to remand the case to the state court. The district court granted defendants' motion and dismissed the complaint. Plaintiff filed a motion to set aside the judgment, and defendants responded in opposition. The district court denied plaintiff's motion to remand and his motion to set aside the judgment, and plaintiff filed a timely notice of appeal.

On appeal, neither party has requested oral argument. Plaintiff contends that the district court abused its discretion in: (1) determining that it had jurisdiction over plaintiff's action; (2) refusing to remand the case to the state court; and (3) finding that state workers' compensation law provides plaintiff's exclusive remedy. Defendants essentially respond that the district court's judgment was proper. Upon consideration, we affirm the district court's judgment for the reasons stated by the district court in its memorandum opinion and order filed January 6, 2000.

■ Generally, this court reviews de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). *Allard v. Weitzman (In re De-Lorean Motor Co.)*, 991 F.2d 1236, 1239–40 (6th Cir.1993). A complaint should be dismissed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Further, this court reviews de novo a district court's legal determinations of subject matter jurisdiction. *Coyne*, 183 F.3d at 492. In determining whether a motion to remand a case was properly denied, this court first determines whether the action was properly removed. *Id.; Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir.1996). When, as here, the action was removed based upon diversity jurisdiction, complete diversity of citizenship between plaintiff and defendants must exist at the time of removal. *Coyne*, 183 F.3d at 492. However, fraudulent joinder of a non-diverse defendant does not defeat removal based upon diversity jurisdiction. *Id.* at 493; *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994). Essentially, the removing party must show that plaintiff cannot establish a cause of action against the non-diverse defendant. *Id.*

■ Here, plaintiff failed to state a claim upon which relief can be granted against any defendant. Essentially, plaintiff's claims are barred by the exclusive remedy provisions of the Kentucky Workers Compensation Act, Ky.Rev.Stat. § 342.690, which provides, in part, as follows:

342.690 Exclusiveness of liability

■ (1) If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal rep-

resentative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death.

. . . . . .

The exemption from liability given an employer by this section shall also extend to such employer's carrier and to all employees, officers or directors of such employer or carrier, provided the exemption from liability given an employee, officer or director of an employer or carrier shall not apply in any case where the injury or death is proximately caused by the willful and unprovoked physical aggression of such employee, officer or director.

Further, Ky.Rev.Stat. § 349.610(4) provides that a cause of action may be pursued in lieu of workers compensation where injury or death results from an employer's deliberate intention to inflict the injury or death. The district court correctly concluded that plaintiff simply made no allegation that either defendant acted with deliberate intention to cause Janet Bishop's death. Under these circumstances, the district court correctly concluded that it had diversity of citizenship jurisdiction and properly denied plaintiff's motion to remand because plaintiff cannot state a claim upon which relief can be granted against the non-diverse individual defendant. Further, the district court properly dismissed plaintiff's complaint for failure to state a claim against any defendant.

For the foregoing reasons, the district court's judgment is affirmed.