JULIA SMITH GIBBONS, Circuit Judge,
concurring in part and dissenting in part.
I concur fully in Parts I, II, and III.A. of the majority opinion but disagree with its disposition of the counterclaim in Part III.B. I cannot read SC Southfield’s counterclaim for breach of contract as putting the Evans on notice that SC Southfield asserted any breach other than a breach of the right of first refusal clause.
The entirety of the breach of contract claim is:
18. The Master Lease constitutes a binding contract between the parties.
19. SC Southfield has performed all of its obligations under the Master Lease.
20. Plaintiffs/Counter-Defendants have breached their obligations under the Master Lease.
21. As a consequence of the breach by Plaintiffs/Counter-Defendants of their obligations under the Master Lease, SC Southfield has suffered damages in an amount not yet determined, but believed to be in excess of $1.4 Million.
In my view, these allegations alone, even under liberal pleading requirements, do not state a claim. As the majority opinion notes, “the plaintiff must simply ‘give the defendant fair notice of what the plaintiffs claim is and the grounds on which it rests.’ Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). It must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable theory. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993).” (Op. 14.) These allegations fail that standard. While they provide notice of the claim, they do not provide notice of the “grounds on which it rests.” Rather, the allegations are legal conclusions. While one could read these allegations with the rest of the complaint as asserting a violation of the right of first refusal provision, SC Southfield has not alleged any facts supporting a claim of some other breach. Nothing about the counterclaim would put the Evans on notice that some other breach was claimed. Thus, it is hardly surprising that no discovery was done on such a claim, that the Evans did not mention any other claim in their summary judgment motion, and that the district court did not refer to any other claim in its order.
Because the only interpretation of the counterclaim under which a claim for breach of contract is stated incorporates the right of first refusal provision, it is also unsurprising that the Evans did not move to dismiss Count II, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon *413 which relief may be granted. The Evans did, however, move for summary judgment on the entirety of the counterclaim of which they were provided notice. Any allegation that SC Southfield was unaware that the entire counterclaim was subject to judgment is disingenuous. SC Southfield included a footnote in its response to the motion for summary judgment claiming other bases for the breach of contract claim because it recognized the entire counterclaim was at risk. It did not seek to amend its complaint to state a claim. This last-minute footnote cannot substitute for a proper pleading and cannot provide a basis on which SC Southfield can avoid entry of summary judgment on its entire counterclaim.
I would affirm the district court’s dismissal of the counterclaim in its entirety and dissent from the majority’s decision to remand the counterclaim for consideration of some unpleaded breach of contract claim.